

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-3-2006

# In Re: Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5225

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Ossie Trader " (2006). *2006 Decisions*. Paper 1797.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1797

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 05-5225

———————————

IN RE: OSSIE ROBERT TRADER,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 94-cr-00534-2)

_____

Submitted Under Rule 21, Fed. R. App. P.
December 16, 2005

BEFORE:  SCIRICA, CHIEF JUDGE, WEIS and GARTH, CIRCUIT JUDGES

(Filed: January 3, 2006)

———————————

OPINION

———————————

PER CURIAM.

Ossie R. Trader, a federal inmate, has filed a petition for a writ of

mandamus pursuant to 28 U.S.C. § 1651.  He contends that the District Court has failed to

rule on his Motion to Dismiss for Violations of the Speedy Trial Act, which he filed in the

1

District Court in March of 1995.[1]  Trader asks that we issue the writ and order the District Judge to rule on the Motion.

On June 27, 1995, Trader pleaded guilty; he was sentenced to 248 months imprisonment on March 23, 2000.  Trader appealed to this Court, which affirmed the Judgment of the District Court on April 19, 2001.  Trader has also unsuccessfully sought collateral review.

Mandamus is an extraordinary remedy.  Trader must show that he lacks adequate alternative means to obtain the relief he seeks and Trader carries the burden of showing that his right to relief is clear and undisputable.  See Mallard v. U.S. Dist. Court for S. Dist. of Ia., 490 U.S. 296, 309 (1989).  Trader is incorrect that his Motion to Dismiss for Violations of the Speedy Trial Act is still pending.  The District Court docket notes that Trader's Motion was terminated due to his guilty plea.  Thus, Trader's petition for writ of mandamus will be denied, as will his motion to expedite the appeal.

---

[1] The petition fails to note that this case was transferred from the Honorable Lowell A. Reed, Jr. to the Honorable Michael M. Baylson on October 23, 2003.