

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# In Re: Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1336

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Ossie Trader " (2007). *2007 Decisions.* Paper 1268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-166                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1336
_____

IN RE: OSSIE ROBERT TRADER,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 94-cr-00534-2)
_____

Submitted Under Rule 21, Fed. R. App. P.
March 22, 2007
BEFORE:  MCKEE, FUENTES and WEIS, CIRCUIT JUDGES
(Filed:   April 17, 2007)

_____

OPINION
_____

PER CURIAM.

Ossie Robert Trader, a federal inmate, petitions for a writ of mandamus pursuant to 28 U.S.C. § 1651 requiring the District Judge to act on his Motion to Dismiss for Violations of the Speedy Trial Act, which he filed in the District Court in March of 1995.

Mandamus is a drastic remedy granted only in extraordinary cases.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). The petitioner must

1

establish that she has "no other adequate means" to obtain relief and that she has a "clear and indisputable" right to issuance of the writ, and the reviewing court must determine that the writ is appropriate under the circumstances. Id. at 378-79.

This is Trader's second attempt to revive his Speedy Trial Act claims by petitioning for a writ of mandamus. On January 3, 2006, we denied his first petition because his Motion to Dismiss had been terminated upon entry of his guilty plea and was no longer pending. See C.A. No. 05-5225. In the instant petition, Trader asserts that the United States Supreme Court's decision in Zedner v. United States, 126 S. Ct. 1976 (2006), should be applied to invalidate retroactively the termination of his Motion to Dismiss. This is a misreading of Zedner, which did nothing to undermine the validity of Trader's guilty plea or the termination of his Motion to Dismiss, and in any event, a mandamus petition would not be an appropriate method for raising such a claim. Accordingly, the petition for a writ of mandamus is denied.[1]

---

[1] Petitioner's "Motion pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure Citation of Supplemental Authorities" is granted.