

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2008

# In Re: Ossie R. Trad

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3023

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Ossie R. Trad " (2008). *2008 Decisions*. Paper 693.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/693

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-145                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3023
_____

IN RE: OSSIE R. TRADER,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 94-cr-00534-2)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 31, 2008

Before:    SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges

(Filed    August 8, 2008  )
_____

OPINION OF THE COURT
_____

PER CURIAM.

Ossie Robert Trader, a federal prisoner, petitions this Court for a writ of

mandamus ordering the District Court to rule on his "Motion to Dismiss Indictment for

Violation of the Speedy Trial Act," which he filed in March 1995.

This is Trader's fourth attempt to revive his Speedy Trial Act claims by petitioning

for a writ of mandamus.  See, e.g., 226 Fed App'x 100; 161 Fed App'x 205.  Once again,

we must reject his assertion that the motion has been pending since 1995.  The District

Court docket sheet shows the motion was terminated due to Trader's guilty plea. See also Washington v. Sobina, 475 F.3d 162, 166 and n.5 (3d Cir. 2007) (per curiam) (speedy trial rights are waived by an unconditional and voluntary guilty plea).[1]

Because this is not a situation where the District Court has engaged in "undue delay . . . tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), we will deny the petition for a writ of mandamus.[2]

---

[1] Any challenge to the guilty plea may not be brought in a petition for a writ mandamus.

[2] Trader has also filed a "Motion Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure Citation of Supplemental Authorities," which may be construed as a motion to supplement the mandamus petition. We grant the motion to supplement, but note that the arguments raised therein do not establish that he is eligible for mandamus relief.