

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2008

# In Re: Ossie R. Tra

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Ossie R. Tra " (2008). *2008 Decisions*. Paper 657.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/657

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-265                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2910
_____

IN RE: OSSIE R. TRADER,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 94-cr-00534-02)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 31, 2008

Before:  SLOVITER, FISHER AND HARDIMAN, Circuit Judges

(Opinion filed   August 13, 2008   )
_____

OPINION
_____

PER CURIAM

Ossie Robert Trader is a federal prisoner who petitions for a writ of

mandamus pursuant to 28 U.S.C. § 1651 ordering the District Court, in light of the

Supreme Court's decision in Zedner v. United States, 547 U.S. 489 (2006), to rule on his

Motion to Dismiss for Violations of the Speedy Trial Act that he filed in 1995.

Mandamus is a drastic remedy granted only in extraordinary cases.  See In re Diet Drugs

Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  To prevail, the petitioner must

establish that he has "no other adequate means" to obtain relief, and that he has a "clear and indisputable" right to issuance of the writ. Id. at 378-79.

Since his conviction, Trader has filed a number of motions pursuant to 28 U.S.C. § 2255 and Fed. R. Civ. P. 60 in the District Court seeking to reinstate his motion. After the District Court denied a recent motion for lack of jurisdiction on the grounds that it constituted a second or successive petition filed without authorization from this Court, he appealed. This Court denied Trader's request for a certificate of appealability.

This is Trader's third attempt to revive his Speedy Trial claim by way of a petition for a writ of mandamus. We denied his first petition on the grounds that his Motion to Dismiss had been terminated upon entry of his guilty plea and was no longer pending. See 161 Fed.Appx. 205 (3d Cir. 2006). And, we denied his second petition, which is identical to the instant petition, in which he again argues that Zedner should be applied to retroactively invalidate the termination of his Motion to Dismiss. See 226 Fed.Appx. 100 (3d. Cir. 2007). After reviewing the instant petition, we see no reason to treat it any differently from its predecessors. To the extent that Trader seeks to challenge his conviction based on the Speedy Trial Act, he should file a § 2255 motion. See 28 U.S.C. §§ 2244 & 2255. In any event, the petition for a writ of mandamus is denied.