

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2009

# In Re: Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Ossie Trader " (2009). *2009 Decisions*. Paper 1550.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1550

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1522
_____

IN RE:  OSSIE R. TRADER,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to ED/PA Criminal No. 94-cr-00534-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 19, 2009

Before:   RENDELL, HARDIMAN and STAPLETON,  Circuit Judges

(Filed: April 13, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Ossie R. Trader, a federal prisoner, petitions this Court pro se, seeking a writ of

mandamus directed at the Clerk and Deputy Clerks of the United States District Court for

the Eastern District of Pennsylvania.  For the reasons that follow, we will deny the

petition.

In 1994, Trader and two associates were arrested on charges of armed bank

robbery, conspiracy, and related crimes.  Trader entered a plea of not guilty and, through

counsel, began preparing for trial. Among other things, Trader filed several motions: a motion to compel pre-trial discovery, a motion claiming the violation of his right to a speedy trial, and a motion for severance. See Docket Nos. 34, 40, 42. In June 1995, after a change of plea hearing, Trader changed his plea to guilty. See Docket Nos. 47, 48. The District Court accepted the guilty plea, scheduled a sentencing hearing, and sentenced Trader to a term of 248 months of imprisonment and 5 years of supervised release. In January 1998, two and a half years after Trader entered his guilty plea, the District Court Clerk administratively terminated Trader's motions.[1]

In his mandamus petition, Trader argues that the Clerk of the District Court lacked the power to terminate the motions, absent an express "order, Judgment, or decree" by the District Court. Trader seeks an order directing the Clerk to delete the docket entry, as well as an order prohibiting the Clerk from violating the Ex Post Facto Clause of the Constitution and 28 U.S.C. § 951, the statute setting forth the oath of the office of clerks and deputies.

Mandamus is a drastic remedy granted only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To prevail, a petitioner must

---

[1] In its entirety, the docket entry reads: "(Court only) ** Terminated motion(s) as to OSSIE R. TRADER, CHARMAINE TRADER: MOTION FOR SEVERANCE, MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS, MOTION TO COMPEL DISCOVERY, MOTION FOR HEARING AND DEFENDANT'S PRETRIAL DETENTION. (Guilty Plea) (rs) (Entered: 01/14/1998)." The Government filed the "Motion for Hearing and Defendant's Pretrial Detention." See Docket No. 12. Because Trader did not bring that motion, we will assume his dispute does not extend to the disposition of that motion.

establish that he has a "clear and indisputable" right to issuance of the writ, and "no other adequate means" to obtain relief. Id. at 378-79. Trader cannot establish a "clear and indisputable" right to issuance of the writ.

The management of its docket is committed to the sound discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982). We will not interfere with that discretion except upon the clearest showing that the District Court's action substantially prejudiced the litigant. See id. Here, Trader cannot show that he was prejudiced when the Clerk, acting for the District Court, made a docket entry administratively terminating Trader's motions.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Trader waived his speedy trial claim by entering his guilty plea. See Washington v. Sobina, 475 F.3d 162, 166 and n. 5 (3d Cir. 2007) (per curiam). He also waived his constitutional right to a jury trial, see United States v. Jerry, 487 F.2d 600, 607 (3d Cir. 1973); without a trial, Trader's motions for pre-trial discovery and for severance became moot. Thus, because he waived the right to pursue the relief he sought by his motions, Trader suffered no prejudice when the Clerk of the District Court made a docket entry administratively terminating them.

Trader has made at least three previous attempts to reinstate his speedy trial claim by seeking mandamus in this Court. See 285 Fed. App'x 973 (3d Cir. 2008); 226 Fed.

App'x 100 (3d Cir 2007); 161 Fed. App'x 205 (3d Cir. 2006). As we have repeatedly informed Trader, the speedy trial motion was terminated due to his guilty plea. If he wishes to challenge his guilty plea, he may not do so in a petition for a writ of mandamus.

For the foregoing reasons, we will deny the petition for a writ of mandamus.[2]

---

[2]Trader has filed documents in this Court that he considers letters submitted under Rule 28(j), Fed. R. App. P., which provides for the citation of supplemental authority after a party's brief has been filed. We have considered his documents as supplements to his mandamus petition. In the second of these documents, Trader asserts that Judge Baylson's order filed March 19, 2009, in Civ. No. 09-mc-00019, constitutes an answer to his mandamus petition that was unauthorized because it was not solicited by this Court. We disagree. It appears that a service copy of the mandamus petition filed in this Court also was filed in the U.S. District Court for the Eastern District of Pennsylvania on that court's miscellaneous docket. Judge Baylson's order filed in that matter does not constitute an answer to the mandamus petition that is before us today.