HLD-195    (August 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3373
_____

In re: OSSIE R. TRADER,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 94-00534-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 31, 2010
Before:   McKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
(Opinion filed October 13, 2010)

_____

OPINION
_____

PER CURIAM.

Ossie Trader is a federal prisoner serving a 248-month sentence for armed

bank robbery and related crimes.   He has filed more than a dozen collateral attacks on his

conviction and sentence, most of them by way of unauthorized motions to vacate under

28 U.S.C. § 2255.   As is the case in so many of his filings, it is apparent here that Trader

is reasserting his claim that the District Court was without authority to deny his motion to

dismiss the indictment, based on alleged Speedy Trial Act violations, following entry of

Trader's guilty plea in June 1995.  Trader asks this Court to issue a writ of mandamus to "restore" his motion to dismiss, so that he may go back in time and thwart his prosecution, guilty plea notwithstanding.

This is, at the very least, the sixth time that Trader has sought mandamus relief to circumvent AEDPA's gate-keeping requirements for successive § 2255 motions. We have repeatedly explained to Trader that he cannot use the writ of mandamus to challenge his guilty plea, and that there was nothing improper about the administrative termination of his motion to dismiss once the plea was entered.  See In re Trader, 352 F. App'x 675 (3d Cir. 2009); In re Trader, 322 F. App'x 203 (3d Cir. 2009); In re Trader, 285 F. App'x 973 (3d Cir. 2008); In re Trader, 226 F. App'x 100 (3d Cir. 2007); In re Trader, 161 F. App'x 205 (3d Cir. 2006).  Accordingly, for the reasons given in those prior opinions, we will deny Trader's latest mandamus petition.