

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# USA v. Bracciodieta

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1258

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Bracciodieta" (2009). *2009 Decisions*. Paper 1137.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 07-1258, 07-1365, 07-1366

_____

UNITED STATES OF AMERICA

v.

CHARLES BRACCIODIETA,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-06-cr-00716-001)
District Judge: Honorable Joseph E. Irenas
(D.C. Criminal No. 1-97-cr-00033-001)
District Judge: Honorable Joseph H. Rodriguez
(D.C. Criminal No. 1-97-cr-00096-001)
District Judge: Honorable Joseph H. Rodriguez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 24, 2009

_____

Before: BARRY and SMITH, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>

(Opinion Filed: June 25, 2009)

_____

OPINION

_____

_____

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Charles Bracciodieta appeals his sentence of 127 months of imprisonment imposed after a plea of guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). On appeal, Bracciodieta claims that: (1) his sentence was unreasonable; (2) he was entitled to a downward departure for diminished mental capacity and cooperation with authorities and he was not a career offender; (3) he did not receive effective assistance of counsel; (4) his right to a speedy trial was violated; and (5) he should have received a concurrent sentence for violation of supervised release. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2005, Bracciodieta committed two bank robberies. In September 2006, Bracciodieta pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). As part of the plea agreement, Bracciodieta stipulated that certain Guidelines provisions applied, resulting in an adjusted offense level of 29 if the District Court concluded he was a career offender. The parties also reserved the right to seek a departure from the applicable guidelines under U.S.S.G. §§ 5K2.0 (Grounds for Departure) and 5K2.13 (Diminished Capacity).

The District Court concluded that Bracciodieta was a career offender with a base offense level of 32, but applied a three-level downward adjustment for acceptance of responsibility, resulting in an offense level of 29 and a Guidelines imprisonment range of 151 to 188 months. Bracciodieta was sentenced to 127 months of incarceration for the bank

2

robberies, which was twenty-four months below the Guidelines range. He was also sentenced to a consecutive sentence of 24 months imprisonment for violation of his supervised release.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the sentencing court's factual findings for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). We review sentencing determinations for abuse of discretion. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007).

## DISCUSSION

**I.      The District Court imposed a reasonable sentence.**

Bracciodieta argues his sentence was procedurally unreasonable because the District Court failed to consider properly the factors enumerated in 18 U.S.C. § 3553(a), as the sentence did not account for his diminished mental capacity or the nature and circumstances of the offense. Bracciodieta also claims the sentence was substantively unreasonable, as the court should have only imposed "a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). We disagree.

A district court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." United States v. Sevilla, 541 F.3d 226, 232 (3d Cir. 2008) (citation omitted). Here, the District Court considered the severity of the offense, the need to provide just punishment, the

3

need for general and specific deterrence, and the defendant's potential for rehabilitation in weighing the § 3553(a) factors. The District Court acknowledged that the robberies were not significantly violent, but noted that between ages twenty-two and thirty-seven Bracciodieta had spent at most one year out of prison "because of the quickness of his recidivism." (App. 216a.) The District Court also considered Bracciodieta's diminished mental capacity, as it was provided a pre-sentence investigation report detailing Bracciodieta's mental illness, a letter from Bracciodieta providing his own account of his illness, and a psychiatric evaluation of Bracciodieta. The District Court did not find a causal link between Bracciodieta's mental condition and his criminal conduct, and noted that even while imprisoned, Bracciodieta had to be transferred seven times for disciplinary problems. Under these facts, defendant has not shown that the District Court's sentence of 127 months, which was 24 months below the bottom of the Guidelines range, was not greater than necessary.

The District Court clearly considered the statutory factors and evidence of potential mitigation, and the sentence was not unreasonable simply because the District Court failed "to give mitigating factors the weight [the] defendant contends they deserve." United States v. Bungar, 478 F.3d 540, 546 (3d Cir. 2007). We hold that the District Court imposed a reasonable sentence upon Bracciodieta.

**II.     Bracciodieta was not entitled to a downward departure based on diminished mental capacity or cooperation with authorities.**

Bracciodieta contends that he was entitled to a downward departure based on his diminished mental capacity under U.S.S.G. § 5K2.13, and his substantial assistance to

4

authorities under U.S.S.G. § 5K1.1. We lack jurisdiction to review a District Court's discretionary decision to grant a downward departure, unless the District Court mistakenly believed it had no discretion to deny the departure. United States v. Vargas, 477 F.3d 94, 103 (3d Cir. 2007). Here, the District Court recognized its discretion and properly considered the downward departure motion, including the physician expert witness' diagnosis of Bracciodieta as suffering from "bipolar disorder with recurrent manic episodes." (App. 49a (emphasis removed).) The District Court concluded that Bracciodieta "probably has bipolar disorder" (id. at 170a), but determined that there was no causal connection between the diminished mental capacity and the crime committed. See U.S.S.G. § 5K2.13 (requiring that the "reduced mental capacity contributed substantially to the commission of the offense"). Accordingly, we may not review the denial of the downward departure, and regardless, the District Court did not abuse its discretion in finding that the requirements of U.S.S.G. § 5K2.13 had not been met.

Further, because the prosecutor's refusal to file a substantial assistance motion was based on Bracciodieta's inconsistent cooperation, not an unconstitutional or illegitimate motive, the District Court was not required to depart downward for substantial assistance sua sponte. See Wade v. United States, 504 U.S. 181, 185–86 (1992).[1]

---

[1] Bracciodieta also challenges his career offender sentencing enhancement. Because defense counsel did not contest the application of the career offender enhancement at sentencing, we review only for plain error. See United States v. Cianci, 154 F.3d 106, 111 (3d Cir. 1998). Bracciodieta met all of the criteria for career offender enhancement, as he was over eighteen, the instant offenses were felony crimes of

(continued...)

**III. Bracciodieta's claim of ineffective assistance of counsel fails.**

This Court generally does not review ineffective assistance of counsel claims on direct appeal, because collateral review "allows for adequate factual development of the claim." United States v. Morena, 547 F.3d 191, 198 (3d Cir. 2008). Nonetheless, here there is no reason to delay review. "[T]o establish ineffective representation, the defendant must prove both incompetence and prejudice." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Bracciodieta's claim is based on defense counsel's decision not to call the defendant's psychiatric expert during the sentencing hearing; however, we will not second-guess counsel's discretionary decisions that are "well within the range of professionally reasonable judgments." Strickland v. Washington, 466 U.S. 668, 699 (1984). The expert's testimony would not likely have created a different outcome, as the government did not contest his diagnosis, the District Court accepted the report's conclusion, and the psychiatric report did not unequivocally state that Bracciodieta's bipolar disorder caused his unlawful behavior. Accordingly, we will deny Bracciodieta's appeal on the grounds of ineffective counsel.

**IV. Bracciodieta cannot make a claim for violation of 18 U.S.C. § 3161 (The Speedy Trial Act).**

Bracciodieta's knowing, unconditional guilty plea waived all non-jurisdictional issues, including his Speedy Trial Act claim. See Washington v. Sobina, 475 F.3d 162, 165 (3d Cir.

---

[1](...continued)
violence, and he had two prior felony convictions for crimes of violence within the relevant statutory period. Accordingly, we will affirm Bracciodieta's career offender designation. See U.S.S.G. §§ 4A1.2(e), 4B1.1.

2007). Additionally, the continuance orders signed by defendant's counsel tolled the speedy trial clock and only twenty-two days counted against the seventy allowed under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A). Accordingly, we will dismiss Bracciodieta's Speedy Trial Act claim.[2]

## V. The supervised release judge did not abuse his discretion by ordering that Bracciodieta's sentence for violation of supervised release be served consecutively.

The sentencing judge for Bracciodieta's violation of supervised release had discretion to impose a sentence to be served consecutively, partially consecutively, or concurrently, based upon consideration of the factors set forth in § 3553(a). 18 U.S.C. § 3584(a)–(b). The sentencing judge imposed a sentence of 24 months, to run consecutively to the sentence for bank robbery, finding "a serious problem" with Bracciodieta's commission of new bank robberies approximately one month following release from prison. The judge also noted that bank robberies are potentially violent offenses that cause victims to fear for their safety. It is clear from the record that the judge was aware of all the facts which related to the sentencing factors, and that the judge arrived at a reasonable sentence. Accordingly, we will affirm.

## CONCLUSION

For the foregoing reasons, we will affirm the judgments of the District Court.

---

[2] Bracciodieta does not develop the argument that his constitutional right to a speedy trial was violated, and we decline to address it. United States v. Irizarry, 341 F.3d 273, 305 (3d Cir. 2003) (finding that an appellant's brief must contain all arguments and citations to authorities in order to preserve the arguments on appeal).