

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2007

# USA v. Shusterman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4196

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Shusterman" (2007). *2007 Decisions*. Paper 61.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/61

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 06-4196

———————

UNITED STATES OF AMERICA

v.

DENIS SHUSTERMAN,
Appellant

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 04-cr-00364)
District Judge:  Hon. Legrome D. Davis

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2007

BEFORE:  RENDELL and STAPLETON,
*Circuit Judges*, and IRENAS, *District Judge**

(Opinion Filed:  December 14, 2007)

———————

* Hon. Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by
designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Denis Shusterman pled guilty on the twelfth day of his jury trial to all the charges against him. Two months later, as his sentencing approached, he moved to withdraw his guilty pleas. After a two-day evidentiary hearing, the District Court denied this motion. *United States v. Shusterman*, 459 F. Supp. 2d 357 (E.D. Pa. 2006). This appeal followed.

Before us, Shusterman contends (1) that his pleas were not voluntarily and knowingly entered; (2) that his trial counsel was "constitutionally defective;" and (3) that his prosecutor committed "misconduct." After consideration of all of Shusterman's arguments, we conclude that his convictions must stand.

For the reasons set forth in the District Court's thorough and careful opinion, it did not abuse its discretion by refusing to allow the withdrawal of Shusterman's pleas.

In his brief before us, Shusterman appears to contend that ineffective assistance of counsel at trial entitles him to a new trial without reference to whether it rendered his pleas involuntary or unknowing. If so, he waived this argument when he pled guilty. *United States v. Panarella*, 277 F.3d 678 (3d Cir. 2002). In any event, as explained at

2

length in the District Court's opinion, Shusterman has not shown ineffective assistance of counsel at trial.

Shusterman's claims of prosecutorial misconduct at trial are also barred by his guilty pleas. *Washington v. Sobina*, 475 F.3d 162 (3d Cir. 2007).

The judgment of the District Court will be affirmed.