**DLD-249**                                                      **NOT PRECEDENTIAL**

### UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

_____

No. 10-1979

_____

IN RE: DENIS SHUSTERMAN,

Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 04-cr-00364)

_____

Submitted Under Rule 21, Fed. R. App. P.
July 22, 2010
Before:  FUENTES, JORDAN AND HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 9, 2010)

_____

OPINION
_____

PER CURIAM

Denis Shusterman seeks a writ of mandamus requiring District Judge Legrome B.

Davis to disqualify himself from presiding over Shusterman's proceeding under 28

U.S.C. § 2255.  We will deny the petition.

I.

Shusterman was charged with 51 counts of wire fraud and other crimes arising

generally from a scheme to defraud his former employer of some $10.8 million. The case proceeded to trial, during which "the government presented the testimony of thirty-five witnesses, submitted hundreds of exhibits, and provided stipulations to the testimony of over 1,000 other fact witnesses." United States v. Shusterman, 459 F. Supp. 2d 357, 360 (E.D. Pa. 2006). On the twelfth day of trial, after the Government had closed and Shusterman was presenting his case, he decided to plead guilty to all 51 counts. The District Court accepted his plea after conducting a plea colloquy on May 3, 2006.

As sentencing neared, however, Shusterman filed a motion to withdraw his guilty plea. Shusterman claimed, among other things, that counsel entered the plea without his permission and that he accepted it because counsel misrepresented its effect. The District Court held a two-day evidentiary hearing and denied Shusterman's motion on September 13, 2006. See Shusterman, 459 F. Supp. 2d at 359. Primarily for the reasons explained in the District Court's "thorough and careful opinion," we affirmed. United States v. Shusterman, 258 F. App'x 403, 404 (3d Cir. 2007). The District Court ultimately sentenced Shusterman to 168 month of imprisonment and ordered restitution.

Thereafter, Shusterman filed a motion challenging his sentence under 28 U.S.C. § 2255. Shusterman also filed a motion to disqualify Judge Davis from presiding over his § 2255 proceeding. Judge Davis denied that motion on December 17, 2009. Shusterman appealed, and later filed a motion to certify the order for immediate appeal, which the District Court denied. That appeal is docketed at C.A. No. 10-1094. Shusterman then

filed the petition for a writ of mandamus at issue here, seeking Judge Davis's

disqualification under 28 U.S.C. § 455(a) and (b).[1]

II.

We have the authority to issue a writ of mandamus under the All Writs Act, 28

U.S.C. § 1651(a). See In re Kensington Int'l Ltd., 368 F.3d 289, 300 (3d Cir. 2004).

When the petition challenges a judge's denial of a disqualification motion, we review that

decision for abuse of discretion. See id. at 300-01. We decline to issue a writ of

mandamus in this case because Judge Davis did not abuse his discretion in refusing to

recuse himself from Shusterman's § 2255 proceeding.

Shusterman raises four circumstances during trial and his plea withdrawal hearing

that he contends require Judge Davis's disqualification under 28 U.S.C. §§ 455(a),

455(b)(1), and/or 455(b)(5)(iv). After carefully reviewing the record, we reject these

arguments for the reasons thoroughly and adequately stated by Judge Davis. Only one of

Shusterman's arguments warrants extended discussion here.[2]

---

[1] A petition for a writ of mandamus, rather than an immediate appeal, is the proper vehicle for seeking review of a District Judge's denial of a disqualification motion under § 455. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 & n.7 (3d Cir. 2003). Thus, we are entering an order contemporaneously herewith dismissing Shusterman's appeal at C.A. No. 10-1094. Shusterman also has filed a motion to proceed on the original record under Fed. R. App. P. 30(f). That motion, which we construe as a motion for relief from the filing requirements of Fed. R. App. P. 21(a)(2)(C), is granted.

[2] In addition to the argument discussed below, Shusterman argues that Judge Davis must be disqualified because he: (1) rejected Shusterman's testimony that counsel entered a plea without his permission on the basis of a preconceived belief about "what lawyers do"; (2) made himself a material witness by explaining at the plea withdrawal hearing his

3

Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Shusterman argues that Judge Davis's impartiality might reasonably be questioned because, during the plea withdrawal hearing, he referred to Shusterman as "one of the most specially-talented liars that I've ever met in my life." (N.T., 9/13/06, at 67.) Judge Davis made that comment after Shusterman's plea hearing counsel argued that trial counsel entered the plea without Shusterman's permission. Judge Davis responded in relevant part:

> Well, that's an interesting question and I don't know if, factually, I accept that. Right? Because the first thing that I must tell you is that I find your client to be one of the most specially-talented liars that I've ever met in my life. Right? That's the first thing. He's genius in his ability to shape events to present things in a certain way.

(Id.)[3]

---

earlier observation to counsel about the jury's reaction to a witness's cross-examination; and (3) gave short shrift at trial to Shusterman's concerns about his counsel's representation. We already have decided that none of the underlying claims of error related to these contentions warranted the withdrawal of Shusterman's guilty plea. For the reasons explained by Judge Davis and argued by the Government, we also conclude that none of these reasons disqualifies Judge Davis from presiding over Shusterman's § 2255 proceeding.

[3] Judge Davis later made the same point in his opinion denying Shusterman's motion to withdraw his guilty plea:

> After having the opportunity to observe and evaluate defendant's credibility during his trial testimony and his evidentiary hearing testimony, this Court finds that defendant is the most specially talented liar this Court has ever encountered. . . . Defendant has a history of lying to his friends, lying to his family, and lying under oath.

Shusterman, 459 F. Supp.2d at 361-62.

4

Shusterman argues that these comments suggest that Judge Davis is incapable of fairly deciding his § 2255 motion. We disagree. Under the "extrajudicial source" doctrine, a judge's opinion formed about a litigant—even if the judge has become "exceedingly ill disposed" toward that litigant—generally is not a basis for disqualification when the "knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings[.]" Litekey v. United States, 510 U.S. 540, 550-51 (1994). The same is true of "opinions held by judges as a result of what they learned in earlier proceedings." Id. at 551.[4] In such cases, judicial opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555. "Thus, judicial remarks . . . that are critical or disapproving of, or even hostile to, . . . the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id.

Such is the case here. Judge Davis's comments reflect nothing more than a credibility determination necessarily formed on the basis of the evidence before him, and do not suggest the kind of "deep-seated favoritism or antagonism that would make fair judgment impossible." Shusterman likens Judge Davis's comments to one that the Supreme Court referenced by way of example—a judge's comment during a World War

---

[4] The Supreme Court noted in this regard that it is "normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." Litekey, 510 U.S. at 551. Similarly, Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for the assignment of § 2255 motions to the same judge who presided over the criminal trial.

One espionage case that it would be difficult not to be "'prejudiced against German Americans' because their 'hearts are reeking with disloyalty.'" Id. (citation omitted). Judge Davis's comments, however, suggest nothing like that kind of partiality.

Nor do they suggest that he is otherwise unable to fairly decide Shusterman's § 2255 motion. In Haines v. Liggett Group Inc., 975 F.2d 81, 97 (3d Cir. 1992), we exercised our supervisory authority to order the reassignment of a case against the tobacco industry after a judge made the superficially similar comment that "the tobacco industry may be the king of concealment and disinformation." In Haines, however, the judge made that comment during discovery and the ultimate substantive issue was whether the tobacco defendants had concealed potential health hazards. See id. at 98. Thus, the judge's comment arguably suggested that he had formed an opinion about the ultimate issue in the case. In this case, by contrast, Judge Davis made his comments merely by way of determining Shusterman's credibility for purposes of ruling on his motion to withdraw his guilty plea. They do not suggest that Judge Davis will be unable to fairly decide Shusterman's § 2255 motion or already has formed an opinion on the merits of his claims.

Accordingly, Shusterman's petition for a writ of mandamus is denied.