NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1521
_____

UNITED STATES OF AMERICA

v.

ULYSSES GONZALEZ,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00162-001)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2012

Before:  RENDELL, FISHER and CHAGARES, Circuit Judges

(Opinion Filed: March 30, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Ulysses Gonzalez pled guilty to two counts of bank robbery in violation of 18

U.S.C. § 2113 and was sentenced to 120 months' imprisonment.  After filing a notice of

appeal, defense counsel moved to withdraw, filing a brief under *Anders v. California*, 386

U.S. 738 (1967), indicating that no non-frivolous issues exist.  Because we agree that

Gonzalez does not present a colorable claim on appeal, we will affirm the District Court's Judgment of Conviction and Sentence.[1]

**I.**

On January 9, 2009, a Wachovia Bank branch on West Erie Avenue in Philadelphia was robbed. A man wearing a black Adidas jacket with stripes on it passed a note to a teller demanding money and threatening to shoot someone if his demands were not met. The teller handed money to the robber, who fled and left the demand note behind.

A fingerprint on the demand note was matched to Gonzalez. The teller from the January 9, 2009 robbery identified Gonzalez in a photo array. The FBI recognized that a similar robbery took place in Philadelphia on January 6, 2009. The teller from that robbery was shown a photo array and identified Gonzalez as one of two people who could possibly have been the robber.

The FBI arrested Gonzalez in his home, pursuant to an arrest warrant. They asked for permission to search his home, which he granted. They recovered a striped Adidas jacket as well as a white sweatshirt with a gold embossed design on it that matched the clothing worn by the robber in the January 6, 2009 robbery. They also spoke to Gonzalez, who admitted committing the two robberies and identified himself in surveillance photographs.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291.

Gonzalez was charged with two counts of bank robbery in violation of 18 U.S.C. § 2113. He pled guilty and was sentenced to 120 months' imprisonment. His counsel filed a timely notice of appeal. Defense counsel subsequently moved to withdraw as counsel, filing an *Anders* brief indicating that no non-frivolous issues exist for appeal.

## II.

When presented with an *Anders* brief, our inquiry is two-fold: (1) whether counsel's *Anders* brief is adequate on its face; and (2) whether our independent review of the record reveals any issues that are not frivolous. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). An *Anders* brief will be deemed adequate if the Court is satisfied that counsel has "thoroughly examined the record in search of appealable issues" and explained why the issues are frivolous. *Id*. Counsel, however, need not address every conceivable claim. *Id.* Where counsel's *Anders* brief is adequate, we will confine our inquiry to issues raised by counsel and by the defendant in his *pro se* brief. *Id.* at 301 (citing *United States v. Wagner*, 103 F.3d 551, 552-53 (7th Cir. 1996)).

Defense counsel addressed three issues:

A. Did the District Court have jurisdiction to accept the defendant's guilty plea?

B. Is the defendant's guilty plea valid in light of controlling constitutional and statutory standards?

C. Did the District Court impose a legal sentence?

Defense counsel concluded that these are frivolous issues on appeal. Gonzalez filed a brief, taking issue with the treatment he received from law enforcement officers and his

3

lawyers, and suggesting that his speedy trial rights were violated. We agree with defense counsel that there are no non-frivolous issues on appeal and will affirm.

There is no question that the District Court had jurisdiction pursuant to 18 U.S.C. § 3231 to accept Gonzalez's plea to a violation of the federal bank robbery statute.

The validity of a guilty plea is governed by standards set out in *Boykin v. Alabama*, 395 U.S. 238 (1969) and Federal Rule of Criminal Procedure 11. To pass constitutional muster, a guilty plea must be knowing and voluntary. *Boykin*, 395 U.S. at 243 n.5. The Court in *Boykin* expressly noted that, for a defendant's guilty plea to be knowing and voluntary, the defendant must be made aware of his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront accusers. *Id.* The District Court informed Gonzalez of these rights in a colloquy on the record, and instructed him that by pleading guilty, he was giving up those rights. (A.30-33.) The District Court's colloquy also satisfied the requirements of Federal Rule of Criminal Procedure 11. (A.20-41.) Thus, we see no non-frivolous issues concerning the validity of Gonzalez's guilty plea.

The District Court imposed a legal sentence of 120 months' imprisonment, which is not only less than the 40 year maximum for the two counts of bank robbery, 18 U.S.C. § 2113(a), but also below the applicable Sentencing Guidelines' range of 151 to 188 months.

We therefore agree with defense counsel that the issues he raises are frivolous, and will now turn to the claims Gonzalez makes in his *pro se* brief. Gonzalez's brief suggests that law enforcement officers coerced him to give permission to search his home and to

4

waive his *Miranda* rights by threatening to take his children away from him. It also suggests that his grant of permission to search his home was not voluntary because he was high on crack-cocaine. These claims were waived by Gonzalez's unconditional plea of guilty. *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("A guilty plea . . . simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."); *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) ("It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." (citations omitted)); *see also* Fed. R. Crim P. 12(b)(3)(C); *United States v. Rose*, 538 F.3d 175, 182 (3d Cir. 2008) ("[U]nder Rule 12 a suppression argument raised for the first time on appeal is waived (*i.e.*, completely barred) absent good cause."). Therefore any effort to pursue such a claim on appeal would be frivolous.

Gonzalez's brief also insinuates that his speedy trial rights were violated. A speedy trial argument would necessarily be frivolous because Gonzalez's guilty plea waived both statutory and constitutional speedy trial claims. 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."); *Washington*, 475 F.3d at 166.

Gonzalez's brief also takes issue with the effectiveness of his lawyers. We have frequently noted that Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255 rather than on

5

direct appeal.  *See, e.g.*, *United States v. Wise*, 515 F.3d 207, 215 (3d Cir. 2008); *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003); *United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002); *United States v. Titchell*, 261 F.3d 348, 352 (3d Cir. 2001). While there is an exception when the existing record is sufficient to determine the ineffectiveness question, that is not the case here.  *See United States v. Headley*, 923 F.2d 1079, 1083-84 (3d Cir. 1991).  Accordingly, we will follow our long-standing practice and deny Gonzalez's claim of ineffective assistance of counsel without prejudice to his right to raise this claim on a collateral attack brought pursuant to 28 U.S.C. § 2255. *Thornton*, 327 F.3d at 272.

In sum, we conclude that Gonzalez fails to raise a non-frivolous argument on appeal and will therefore affirm the District Court's Judgment of Conviction and Sentence.  We conclude that counsel's *Anders* brief is adequate and will grant his motion to withdraw.

6