

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2007

# Washington v. Sobina

Precedential or Non-Precedential: Precedential

Docket No. 05-4599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Washington v. Sobina" (2007). *2007 Decisions.* Paper 1706.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1706

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-317                                           PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4599
_____

RICHARD A. WASHINGTON,
Appellant

v.

RAYMOND J. SOBINA, SUPERINTENDENT;
THE DISTRICT ATTORNEY OF THE COUNTY OF
PHILADELPHIA; THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-CV-07474 )
District Judge: Honorable Anita B. Brody
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2006

Before: Barry, Smith and Nygaard <u>Circuit Judges</u>.

(Filed: January 11, 2007)

_____

OPINION

_____

PER CURIAM

I.

This appeal raises the question of whether a claim alleging the denial of the Sixth Amendment right to a speedy trial is waived upon entry of a guilty plea. We agree with several of our sister courts of appeal and hold that a speedy trial issue is non-jurisdictional and is therefore waived by an unconditional guilty plea.

II.[1]

In 1995, Richard Washington was arrested and charged on several counts relating to the kidnaping of Asha Woodall and the murder of Anthony Carney in Philadelphia County. The first trial ended in a mistrial. At his second trial in 1998, Washington was convicted by a jury of criminal conspiracy, possession of an instrument of crime, and robbery of a vehicle. He was found not guilty of first degree murder and other charges. The jury was unable to reach a verdict on the kidnaping and lesser degree of murder charges. Washington was sentenced to a cumulative term of five to ten years imprisonment on the three counts of conviction.

While awaiting retrial on the kidnapping and murder

---

[1] The procedural background of this case was well documented by the District Court in Washington v. Sobina, 387 F. Supp. 2d 460 (E.D. Pa. 2005). We therefore only summarize the facts relevant to the disposition of this appeal.

charges, Washington filed petitions in both the Pennsylvania Superior Court and the Pennsylvania Supreme Court alleging violations of his state and constitutional rights to a speedy trial. Both petitions were denied. In September 2002, Washington filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Eastern District of Pennsylvania, alleging denial of his Sixth Amendment right to a speedy trial and his due process right to a speedy appeal.[2] Meanwhile, in 2003 Washington's third trial on the murder and kidnaping charges ended in a hung jury.

In 2005, the District Court granted the writ on the speedy appeal claim conditioned upon the Pennsylvania Superior Court deciding Washington's direct appeal. On the speedy trial claim, the court denied the writ but granted a certificate of

---

[2] Washington had previously filed a habeas petition in the District Court that was dismissed for lack of exhaustion.

appealability pursuant to 28 U.S.C. § 2253(c).  Washington v.

Sobina, 387 F. Supp. 2d 460, 478 (E.D. Pa. 2005).  The

Commonwealth appealed the conditional grant of partial relief,

Washington v. Sobina, C.A. No. 05-4522, and Washington filed

the instant cross-appeal of the denial of his speedy trial claim.[3]

During the pendency of this appeal, Washington pled

guilty to kidnaping and third degree murder, and was sentenced

to an aggregate term of seven and a half to 20 years

imprisonment to run concurrently with the sentence previously

imposed.  The Commonwealth filed a motion to summarily

dismiss the appeal as moot.  Washington filed a response in

opposition.

We have jurisdiction under 28 U.S.C. § 1291.  We may

take summary action only if there is no substantial question

_____

[3] Upon Washington's motion, appointed counsel withdrew
and Washington is proceeding pro se.

5

presented or if a subsequent precedent or change in circumstances warrants such action. Third Circuit Internal Operating Procedure 10.6.

## III.

It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues. Woodward v. United States, 426 F.2d 959, 964 (3d Cir. 1970); Abram v. United States, 398 F.2d 350 (3d Cir. 1968); see also Doggett v. United States, 505 U.S. 647, 658 n.3 (1992) (finding no waiver where defendant preserved right to appeal). "A guilty plea . . . renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 62 n.2 (1975). This includes "many of the most fundamental protections afforded by the Constitution,"

United States v. Mezzanatto, 513 U.S. 196, 201 (1995), such as the right to a jury trial, the right to confront and cross-examine witnesses, and the right against self-incrimination, United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001) (quoting Boykin v. Alabama, 395 U.S. 238, 243 (1969)).

The Sixth Amendment right to a speedy trial protects an individual from the deprivation of personal liberty from the time he is arrested or criminally charged through to sentencing. Hakeem v. Beyer, 990 F.2d 750, 762 (3d Cir. 1993); Burkett v. Cunningham, 826 F.2d 1208, 1220 (3d Cir. 1987).[4] The primary purpose of this right is not to prevent prejudice to the defendant's ability to present a defense, but rather to "minimize the possibility of lengthy incarceration prior to trial, to reduce

---

[4] The Sixth Amendment right to a speedy trial is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. Burkett, 826 F.2d at 1219.

7

the . . . impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." United States v. MacDonald, 456 U.S. 1, 8 (1982). Thus, a speedy trial claim alleges that the inherent delay between arrest and conviction has risen to an unacceptable level, and as such the claim is not inconsistent with the "establishment of factual guilt." Menna, supra; see also United States v. O'Donnell, 539 F.2d 1233, 1237 (9th Cir. 1976) (recognizing that although a Sixth Amendment speedy trial violation precludes establishing guilt by trial, it is not logically inconsistent with validly established guilt), superceded on other grounds as recognized by United States v. Smith, 60 F.3d 595 (9th Cir. 1995).

Furthermore, a jurisdictional claim implicates the trial court's "statutory or constitutional power to hear a case." United States v. Cotton, 535 U.S. 625, 630 (2002) (emphasis in

8

original).  The Pennsylvania trial courts have subject matter jurisdiction over criminal proceedings by virtue of prima facie evidence that a violation of Pennsylvania's criminal code occurred within the county of trial.  Commonwealth v. McNeil, 665 A.2d 1247, 1251 (Pa. Super. 1995); see also Commonwealth v. Bethea, 828 A.2d 1066, 1074 (Pa. 2003) (discussing statutory and constitutional basis for jurisdiction of courts of common pleas).  To invoke this power, the trial court must present the defendant with a "formal and specific accusation of the crimes charged."  McNeil, 665 A.2d at 1251. The guarantee of a speedy trial does not implicate this authority.

Accordingly, we agree with our sister courts that have concluded that the right to a speedy trial is non-jurisdictional, and is therefore waived by an unconditional and voluntary guilty plea.  See United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996) (recognizing that because the right to a speedy trial is

9

non-jurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim unless the claim is specifically reserved for appeal); Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993) (holding that because all non-jurisdictional defects are waived upon entry of a guilty plea, defendant waived alleged violation of right to a speedy trial); Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir. 1992) (holding that defendant's knowing and voluntary guilty plea waived his right to a speedy trial); O'Donnell, 539 F.2d at 1237 (same); United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984) (holding that right to speedy trial is non-jurisdictional, and thus defendant's guilty plea foreclosed raising speedy trial claim on appeal).

IV.

Washington's plea was unconditional. See Transcript of May 9, 2006. Accordingly, we conclude that Washington

10

waived his speedy trial claim when he entered a guilty plea.[5] As this change in circumstances disposes of the speedy trial claim and there is no other substantial question presented on this appeal,[6] we will grant the Commonwealth's motion and

---

[5] We reject Washington's argument that the delay between his first three trials raises a speedy trial claim independent of the delay between his third trial and guilty plea, and as such survives any waiver. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

We also recognize that during the plea colloquy Washington expressly waived his speedy trial claim and upon further questioning acknowledged that this pending collateral appeal of his speedy trial claim was moot. See Transcript of May 9, 2006 at 22-26.

[6] We decline at this time to address Washington's challenge to the voluntariness of his plea. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon

11

summarily dismiss the appeal.  <u>See</u> Third Circuit Internal

Operating Procedure 10.6.

---

below.").                    12