

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2007

# In Re Washington

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re Washington " (2007). *2007 Decisions.* Paper 1049.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1049

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-235                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1897
_____

IN RE RICHARD A. WASHINGTON

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 02-cv-07474 and 06-cv-01437)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
May 17, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

(Filed May 31, 2007 )

_____

OPINION

_____

PER CURIAM

    In 2005, the District Court for the Eastern District of Pennsylvania denied Richard

Washington's petition for a writ of habeas corpus with respect to his claim alleging

violation of his right to a speedy trial.  Washington v. Sobina, 387 F. Supp.2d 460 (E.D.

Pa. 2005).[1]  While his appeal was pending in this Court, Washington pled guilty to the state charges, and we thereby dismissed his appeal.  Washington v. Sobina, 475 F.3d 162 (3d Cir. 2007).

Meanwhile, Washington filed another habeas petition in the District Court. Washington v. Sobina, E.D. Pa. 06-cv-01437.  Washington also filed a motion to recuse Judge Brody in both his new petition, E.D. Pa. 06-cv-01437, and his first petition, E.D. Pa. 02-cv-07474.  The District Court dismissed the habeas petition as an unauthorized second or successive petition.  We subsequently denied as unnecessary Washington's application for authorization to file a second or successive petition.  In re Washington, C.A. No. 06-4137.  Washington then returned to the District Court seeking to "reopen" the second habeas proceedings.  The District Court denied the motion to recuse, and the motion to reopen is pending.

Washington now petitions this Court for a writ of mandamus seeking (1) to have his guilty plea to state charges vacated based on improper participation by the District Court; (2) reconsideration of the District Court's denial of the speedy trial claim; and (3) the recusal of Judge Brody from any further proceedings.  A writ of mandamus is a drastic remedy that should only be granted in extraordinary situations.  In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001).  A petitioner seeking such relief must show that he has "no other adequate means to obtain the desired relief" and that his right to issuance of the writ

---

[1]  The District Court granted the writ with respect to a speedy appeal claim.  The Commonwealth's appeal is pending.  Washington v. Sobina, C.A. No. 05-4522.

2

is "clear and indisputable." Id. Washington has not met this burden.

Washington has not demonstrated that he has "no other adequate means" to challenge his guilty plea. As we previously indicated, a habeas petition challenging his recent guilty plea would not be an improper second or successive petition under 28 U.S.C. § 2244. Furthermore, Washington has not suggested that he can not seek relief in state court. As to reconsideration of the speedy trial claim, in light of our dismissal of Washington's appeal from the denial of this claim, he has not demonstrated a "clear and indisputable" right to have the issue reconsidered by the District Court.

Washington asserts that Judge Brody should recuse herself from the pending proceedings because she participated in his state plea negotiations.[2] Although the question of recusal is before us on a petition for a writ of mandamus, we review a Judge's decision not to recuse herself for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). Pursuant to 28 U.S.C. § 455(a), a judge must disqualify herself if her impartiality "might reasonably be questioned." See also Kensington, 368 F.3d at 301.

Washington argues that although the Federal Rules of Criminal Procedure do not apply to state defendants, in light of the unique circumstances of his case the Court should nonetheless apply the principles of Rule 11(c), which prohibit a court from participating in plea negotiations. We decline to consider this argument because regardless of the

---

[2] We see no need to reiterate the events that transpired at that relevant hearing.

3

appropriateness of the District Court's "participation", Washington is not entitled to relief. Upon a thorough review of the hearing transcripts, we find that the District Court's remarks do not display the "deep-seated favoritism or antagonism that would make fair judgment impossible", and thus do not warrant recusal. <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). Accordingly, the District Court did not abuse its discretion, and Washington has not demonstrated a "clear and indisputable" right to a writ of mandamus.

Accordingly, the petition for a writ of mandamus is denied.