**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4346

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANGELO DEMONTE DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:04-cr-00030)

Submitted: June 15, 2007                 Decided: June 19, 2007

Before WIDENER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter Crane Anderson, William R. Terpening, SHUMAKER, LOOP & KENDRICK, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North, Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angelo Demonte Davis pled guilty to failure to surrender for service of his sentence. On appeal, he challenges the voluntariness of his plea and contends that his conviction violated the Speedy Trial Act. We affirm.

First, Davis contends that his plea was implicitly conditional on the Government's agreement to file a motion for a reduction of sentence in another case based on his substantial assistance. He also asserts that, to the extent the agreement was not implicit, he labored under a misunderstanding at his plea hearing. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant," North Carolina v. Alford, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations, Brady v. United States, 397 U.S. 742, 755 (1970). A defendant's statements at the Fed. R. Crim. P. 11 hearing are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Unsupported allegations on appeal are insufficient to overcome representations at the Rule 11 hearing. See United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991) (stating that defendant's statement at Rule 11 hearing that he was neither coerced or threatened was "strong evidence of the voluntariness of his plea").

- 2 -

Here, Davis pled guilty without a plea agreement and testified at his Rule 11 hearing that his plea was unconditional. He stated that nobody had threatened or coerced him and that he was satisfied with his attorney. In addition, at his sentencing, Davis reiterated that he was pleading freely and voluntarily, and he admitted his guilt. While Davis clearly wanted to address his substantial assistance as well as other issues while in the courtroom for his Rule 11 hearing and subsequent sentencing, our review of the record shows that Davis understood that his guilty plea was separate and not conditioned on the outstanding issues in other cases. Thus, we find insufficient evidence to overcome Davis' sworn testimony at his Rule 11 hearing that he was pleading guilty knowingly and voluntarily.

Second, Davis claims that his indictment and prosecution violated the Speedy Trial Act. However, both the constitutional and the statutory right to a speedy trial are non-jurisdictional and are, therefore, waived by an unconditional and voluntary guilty plea. Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007); United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996). Thus, we find that Davis' guilty plea bars his claim.

Accordingly, we affirm Davis' conviction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED