NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3364
_____

UNITED STATES OF AMERICA

v.

KAREEM OWENS,
                                         Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:09-CR-78-4)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011
_____

Before: SLOVITER and GREENAWAY, JR., Circuit Judges, and POLLAK, District
Judge[*]

(Opinion filed:  May 11, 2011)
_____

OPINION
_____

POLLAK, District Judge

    Kareem Owens appeals his judgment of conviction and sentence for two

_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

controlled substance offenses.  His attorney filed a brief and motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal raises no nonfrivolous issues.  We agree with counsel, grant counsel's motion to withdraw, and affirm Owens's judgment of conviction and sentence.

## I.

Because we write primarily for the parties, who are familiar with this case, we address only the facts and procedural history relevant to resolution of the issues raised in this appeal.

The underlying facts of the offenses at issue are as follows.[1]  In February 2008, Owens was a passenger in a vehicle that was stopped by police in Harrisburg, Pennsylvania.  Searching the stopped vehicle, police found a firearm and 6.4 grams of crack cocaine under the seat where Owens had been sitting.  The occupants of this vehicle, including Owens, often drove to Brooklyn to purchase heroin and powder cocaine and transported these drugs back to Harrisburg.  They converted the powder cocaine into cocaine base (crack) and distributed over 50 grams or more of crack cocaine in the Harrisburg area, and Owens personally trafficked in this area.

In February 2009, Owens was again a passenger in a vehicle that was stopped by police, this time in Dauphin County, Pennsylvania.  A search of the vehicle revealed a package containing over 100 grams of heroin.  Owens was engaged in a conspiracy with his fellow occupants to bring the heroin into Harrisburg and distribute it in the

---

[1] These facts are taken from the Government's recitation of the factual basis for a guilty plea at Owens's change of plea hearing.  He agreed to the facts discussed herein.

community.

Owens was charged by indictment with numerous counts of drug-trafficking and firearms offenses. Owens then filed a motion to suppress all evidence obtained from the two vehicle stops, which the District Court denied. Owens later came to a plea agreement with the United States Attorney's Office in which he would plead guilty to two counts of the indictment: (1) possession with intent to distribute heroin, cocaine, and 50 grams or more of cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (2) conspiracy to possess with intent to distribute 100 grams or more of heroin, cocaine, and 50 grams or more of cocaine base, and marijuana, in violation of 21 U.S.C. § 846. At the change of plea hearing, and pursuant to the plea agreement, Owens admitted to committing the offenses and pled guilty. His plea was not conditional, and he did not reserve the right to contest the evidentiary rulings on appeal.

A presentence report (PSR) was prepared, and it determined Owens to be a career offender. Accordingly, his criminal history category was designated as VI. Although his base offense level was to be 30, because of the career offender designation, the offense level was 37. A two-level reduction for acceptance of responsibility was then recommended in the PSR, and the PSR's final guideline sentencing range was 292–365 months' imprisonment.

At sentencing, Owens requested a downward departure pursuant to U.S.S.G. § 4A1.3(b), claiming that the career offender designation overrepresented his criminal history category. The District Court denied this request and kept his criminal history

3

category at VI. The District Court agreed with the PSR's reduction in offense level for acceptance of responsibility, and it agreed that the advisory guideline sentencing range was 292–365 months' imprisonment. The District Court ultimately sentenced Owens to a term of imprisonment at the bottom of the guideline range, 292 months' imprisonment.

Owens timely appealed.[2] Counsel filed an *Anders* brief, and Owens did not file a *pro se* brief.

## II.

## A.

Under *Anders*, a lawyer may "withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). The lawyer must conduct a "conscientious examination of" the case, and if she determines the "case to be wholly frivolous," she must file a brief "referring to anything in the record that might arguably support the appeal." *Id.* (quoting *Anders*, 386 U.S. at 744). Counsel must also explain the faults in the purportedly frivolous arguments. *Id.* at 300. If the court, upon independent review of the record, agrees that the case is wholly frivolous, then it "can grant counsel's motion to withdraw and dismiss the appeal under federal law." *Id.* at 299.

## B.

Owens's first claim is that the District Court abused its discretion by refusing to grant a downward departure from criminal history category VI to V pursuant to U.S.S.G.

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

§ 4A1.3(b).  This Court "cannot review a district court's refusal to grant a downward departure pursuant to U.S.S.G. § 4A1.3(b) unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009) (internal quotation marks omitted). Here, the District Court clearly understood that it had discretion to grant such a departure, but the District Court expressly declined to do so, stating:

> Some of these cases are close calls, but . . . I do not find that Mr. Owens' case falls into that category.  He does have three prior convictions for controlled substance and, as the probation officer has noted, seven prior criminal convictions that didn't receive criminal history points because of their age.  Four of the defendant's prior convictions involved violence, and, of course, he has multiple convictions.  Given all of that, I don't see any basis for downwardly departing based on his criminal history category.  I think he has well earned a category six.

Supp. App. 92 (Sentencing Tr. 4:3–13).  Because the District Court was aware of its discretion to downwardly depart, we cannot review its decision not to do so.  We thus agree with counsel that this claim lacks merit.

## C.

Owens's next claim is that the District Court erred in denying his motion to suppress evidence.  We agree with counsel that this claim is waived because Owens entered a knowing and voluntary guilty plea in which he admitted factual guilt.

> It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues.  A guilty plea . . . renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.  This includes many of the most fundamental protections afforded by the Constitution . . . .

5

*Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (citations omitted) (internal quotation marks omitted); *see also Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the guilty plea.").

Suppression of evidence is not jurisdictional, and thus, "[i]f [Owens] wanted to preserve his rights to challenge the [admissibility of the evidence] on appeal, he should have refused to have pleaded guilty unless his plea was conditional under Fed. R. Crim. P. 11(a)(2)." *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989). A conditional plea could have permitted Owens to retain the right "to have an appellate court review an adverse determination of a specified pretrial motion," Fed. R. Crim. P. 11(a)(2), but he did not enter such a plea. Accordingly, we agree with counsel that this argument could not succeed.

**D.**

Owens's final claim is that the District Court imposed an unreasonable sentence without carefully considering the factors set forth in 18 U.S.C. § 3553(a). We review a sentence in two stages: first, we ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors; second, we consider its substantive reasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009)

(en banc). Both stages are reviewed for abuse of discretion. *Id.*

Here, the record establishes that the District Court committed no significant procedural error. It heard Owens's arguments in favor of a downward variance and the Government's argument in favor of a within-guidelines sentence. The Court then explained that it was taking into account the factors enumerated in § 3553(a), including, *inter alia*, the nature and circumstances of the offense, Owens's criminal record and personal history, the sentencing range established for the offense, efforts at rehabilitation, the need to protect the public, evidence of recidivism, possible sentencing disparities, the need to promote respect for the law, and the goals of the sentencing guidelines. App. 102–03. In sum, the District Court followed proper procedures.

The District Court ultimately determined that 292 months' imprisonment, at the bottom of the advisory guidelines range, was appropriate. Although we do not presume that the sentence is substantively reasonable merely by virtue of being within the applicable guideline range, we cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Thus, we agree that there is no non-frivolous basis upon which to argue that Owens's sentence was unreasonable.

### III.

For the foregoing reasons, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence of the District Court. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court of the United States. 3d Cir. L.A.R. 109.2(b).

7