NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1194
_____

UNITED STATES OF AMERICA

v.

PETER HALAS,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-11-cr-00290-001)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2013

Before: AMBRO, SMITH, and CHAGARES, Circuit Judges

(Opinion filed: November 26, 2013)

_____

OPINION
_____

AMBRO, Circuit Judge

Appellant Peter Halas pled guilty to knowingly possessing at least three images of

child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and was sentenced to 51

months' imprisonment followed by supervised release. He appeals his sentence. However, his attorney has moved to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for this appeal are frivolous. Halas has filed a *pro se* brief in response to counsel's *Anders* brief. We grant the motion to withdraw and affirm the judgment of sentence.[1]

## I. Background

In June 2010, in an interview with FBI agents, Halas admitted to searching for child pornography and saving images to his hard drive. The agents searched Halas's home and, with his consent, seized his computer along with several compact disks and external hard drives. FBI officials eventually discovered almost 3,000 images of child pornography.

Halas was charged with knowingly possessing at least three images of child pornography in July 2010 and indicted on the same charge in April 2011. He was granted pretrial release after his initial appearance in July 2011; release terms included restrictions on his use of computers and the Internet. The District Court learned of violations of those restrictions detected by monitoring software installed on Halas's computer, including his accessing websites not related to his employment, exporting data to drives and cloud storage not monitored by the software, and opening an account on a photo sharing website. In addition, Halas attended activities where minor children were present without notifying their parents of the pending proceeding.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In response to these violations, the District Court modified the terms of Halas's release to require 24-hour home confinement and prohibit him from using or possessing computers anywhere. Immediately after the hearing at which these new conditions were added, Halas violated the new terms by going to a public library. Based on this violation, the Court held a hearing at which it revoked bail and ordered him detained.

Halas entered a guilty plea in January 2012, and judgment was formally entered the following month. In December 2012, the Court sentenced him to 51 months' incarceration, the bottom of the Guidelines range as adjusted for acceptance of responsibility, to be followed by five years' supervised release. Halas timely appealed.

## II. Discussion

Under our rules, "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders* . . . ." 3d Cir. L.A.R. 109.2(a). In reviewing these motions, we conduct a two-part analysis: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Halas's lawyer in effect identifies two possible grounds for appeal: (1) the validity of the plea bargain; and (2) the validity and reasonableness of the sentence itself. Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal.

First, as Halas's lawyer correctly argues, the plea bargain was entered into knowingly and voluntarily, and the plea hearing fully complied with the requirements of Federal Rule of Criminal Procedure 11. The Magistrate Judge conducted a lengthy and thorough plea colloquy. After allowing Halas the opportunity to withdraw the plea if he wished, the District Court entered a conviction based on the recommendations of the Magistrate Judge.

Second, as the *Anders* brief also argues, the sentence itself was both procedurally valid and substantively reasonable. Under our precedent in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), a sentencing court must do three things. First, it must calculate the Guidelines range. *Id.* at 247. Second, it must formally rule on any departure motions. *Id.* Third, it must consider all relevant factors under 18 U.S.C. § 3553. *Id.* The *Gunter* process was followed in this case. The District Court appropriately calculated the Guidelines range, including granting Halas "very weak responsibility points" that lowered the range from 70 to 80 months' imprisonment down to 51 to 63 months' imprisonment. No departure motions were filed. Halas requested a variance and raised several issues for consideration as § 3553 factors, all of which the District Court sufficiently addressed in the imposition of sentence. After its review of the § 3553 factors, the Court, to repeat, imposed a sentence at the bottom of the Guidelines range.

None of the arguments Halas raises in his *pro se* supplemental response present nonfrivolous issues on appeal. First, he argues that the District Court erred in not granting a downward departure based on a psychological report. However, no such departure was requested. Because we lack jurisdiction to consider a discretionary denial of a requested

4

departure, *see United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989), we also lack jurisdiction over an appeal for failure to grant an unrequested departure.

Alternatively, Halas argues that failure to request such a departure was ineffective assistance of counsel. It is the long-standing position of our Court that ineffective-assistance-of-counsel claims should be addressed on collateral *habeas* review rather than by direct appeal. *See, e.g.*, *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). We therefore express no opinion on Halas's ineffectiveness claim at this time.

Halas additionally argues that charges purportedly based on images downloaded in 1998 and 1999 were beyond the statute of limitations. This claim is waived by his unconditional guilty plea. *See Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (noting that non-jurisdictional defects are waived by an unconditional guilty plea).

\*   \*   \*   \*   \*

Counsel adequately fulfilled the requirements of *Anders*. We therefore grant the motion to withdraw, affirm the judgment of sentence of the District Court, and dismiss without prejudice the ineffective-assistance-of-counsel claim.