AMBRO, Circuit Judge,
concurring
I join fully Judge Greenberg’s excellent opinion but write separately to emphasize the importance of the trial judge’s rejection of Nguyen’s Sixth Amendment speedy trial defense. As Judge Greenberg notes, Nguyen’s counsel included in a brief an extensive footnote that argued each of the factors in the Supreme Court’s seminal speedy trial case, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Equally crucial, though, is the judge’s reaction to the briefing. Specifically, he concluded during oral arguments that the delay did not “run afoul of ... the standards set forth in Barker versus Win-go.” In my view, this both reinforces the conclusion that Nguyen cannot clear the first hurdle of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and shows why he also fails the second one.
As Judge Greenberg explains, Nguyen’s first obligation under Strickland is to show that his counsel’s performance was constitutionally deficient. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. He argues that he can satisfy this requirement because counsel included the Sixth Amendment defense in a footnote rather than the main body of the brief. My colleagues correctly reject this argument under the highly deferential lens that we must apply when looking at Strickland claims governed by the Antiter-rorism and Effective Death Penalty Act of 1996 (“AEDPA”). See Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009) (noting that both *468 Strickland and AEDPA require deference and that when a claim is subject to both the review is “doubly deferential”). This deference makes it difficult to conclude, in the absence of contrary state-court case law, that a New Jersey trial judge could not have considered a nine-paragraph footnote that fully argued the relevant factors.
If there were any doubt about this determination, the judge’s rejection of the Sixth Amendment defense eliminates it. This is not a case where there is merely no reason to think the judge was barred from reaching the argument. Rather, we know that he did decide it. This suggests that, contrary to Nguyen’s assertions, the argument was properly before the judge. The combination of these two factors — the lack of case law preventing the judge from reaching the issue and the evidence that he actually decided it — is fatal under our deferential review.
The judge’s rejection of the argument also shows why, even if Nguyen’s counsel had been deficient, there was no prejudice. Prejudice requires that it be “reasonably likely the result would have been different” if counsel had been effective. Harrington v. Richter, 562 U.S. 86, 111, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (internal quotation marks omitted). In our case, there is no need to guess what the outcome would have been if counsel had included the speedy trial argument in the main body of the brief rather than the footnote. That is because we know, based on the judge’s comments during arguments, that he did not think the delay violated the Sixth Amendment.
Under other circumstances, Nguyen perhaps could have shown prejudice by establishing a reasonable likelihood that an appeal would have resulted in a reversal of the judge’s decision. See Gov’t of Virgin Islands v. Forte, 865 F.2d 59, 64 (3d Cir. 1989). Here, however, Nguyen pled guilty after the judge rejected the Sixth Amendment argument. He reserved in his plea the ability to argue on appeal that the Interstate Agreement on' Detainers (“IAD”), N.J. Stat. Ann. § 2AU59A-1 et seq., barred his prosecution, but he did not leave open the option to present the appellate court with a Sixth Amendment speedy trial defense.[1] We have held that a guilty plea that does not reserve the right to make a speedy trial argument waives that issue for appellate purposes. Washington v. Sobina, 475 F.3d 162, 166 (3d Cir. 2007). Nguyen was therefore not entitled to (nor did he) ask the appellate court to review the Sixth Amendment issue. Id.
The District Court overlooked our decision in Washington and concluded that Nguyen’s guilty plea did not waive the defense. Nguyen v. Hoffman, Civ. Action No. 13-6845, 2015 WL 7306425, at *10 (D.N.J. Nov. 19, 2015). In light of our binding precedent to the contrary, this was incorrect. Because Nguyen cannot show that the outcome might have been different at the trial level or that he could have secured a reversal on appeal, he cannot demonstrate prejudice. As a result, even if he could meet Strickland’s first requirement, the District Court’s judgment should still be affirmed.

. Nguyen did reserve, in addition to the ability to contest the trial judge’s resolution of the IAD issue, the right to appeal "all his pretrial motions." However, he has conceded that this did not include the right to present a Sixth Amendment argument. See Opening Br. at 12 & n.4; Reply Br. at 5-6.