**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4586**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVIN RAIMUND PAUL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:14-cr-00364-JAB-1)

Submitted:  October 17, 2019                    Decided:  October 21, 2019

Before MOTZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Raimund Paul pled guilty pursuant to a plea agreement to five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012), and was sentenced to 162 months in prison. Paul's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but discussing several aspects of the criminal proceedings. Paul has filed a pro se supplemental brief, discussing essentially the same issues as counsel. The Government has declined to file a response brief. We affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea for plain error. *See United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). A review of Paul's plea hearing establishes that the district court complied with the requirements of Fed. R. Crim. P. 11. Paul's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore conclude that no plain error occurred and affirm Paul's convictions.[*]

We also affirm Paul's sentence. We review a criminal sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range," for

---

[*] Paul waived his right to assert a Speedy Trial Act violation. *See Washington v. Sobina*, 475 F.3d 162, 166 (3rd Cir. 2007) (recognizing that the right to a speedy trial is nonjurisdictional); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (holding that a valid guilty plea waives all antecedent nonjurisdictional defects). We also discern no double jeopardy violation. *See Gamble v. United States*, __ U.S. __, __, 139 S. Ct. 1960, 1964-80 (2019) (refusing to overrule the dual-sovereignty doctrine pursuant to which "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute").

reasonableness, "under a deferential abuse-of-discretion standard." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012); *see Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no "significant procedural error." *United States v. Evans*, 526 F.3d 155, 162 (4th Cir. 2008) (internal quotation marks omitted). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion" and will reverse "unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (internal quotation marks, alteration, and emphasis omitted).

In reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," and, if the sentence is within the properly calculated Guidelines range, we presume on appeal that the sentence is substantively reasonable. *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Such a presumption can only

3

be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Paul's sentence is procedurally and substantively reasonable. The district court adopted the Guidelines range set forth in Paul's presentence report, listened to counsel's argument regarding the § 3553(a) factors, afforded Paul an opportunity to allocute, and selected a sentence in the middle of Paul's Guidelines range, thoroughly explaining the reasons for the chosen sentence. We discern no basis on which to question the substantive reasonableness of Paul's within-Guidelines sentence and, thus, affirm the 162-month sentence.

Paul and appellate counsel also suggest that Paul received constitutionally ineffective assistance of counsel. Unless the record conclusively establishes that counsel rendered ineffective assistance, however, such claims are not cognizable on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the record does not conclusively establish that counsel rendered ineffective assistance, we decline to address this claim on direct appeal. Thus, Paul's arguments are more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of Paul's ineffective assistance of counsel claims.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Paul, in writing, of the right to petition the Supreme Court of the United States for further review. If Paul requests that a petition be filed, but counsel

4

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Paul. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*