NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3586

_____

UNITED STATES OF AMERICA

v.

RAFAEL LORA,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-16-cr-00091-002)
District Judge: Honorable Robert D. Mariani

_____

Submitted under Third Circuit LAR 34.1(a)
on June 25, 2021

Before: CHAGARES, PORTER and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 7, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, <u>Circuit Judge</u>

## I.

Rafael Lora, proceeding pro se, appeals his conviction and sentence for conspiring to possess with intent to distribute cocaine.  Because Lora entered a knowing, voluntary, and intelligent guilty plea, and because he does not present any issues on appeal which his guilty plea did not waive, we will affirm the judgment of the District Court.

## II.

Customs and Border Protection agents began investigating Lora after intercepting a package from the Dominican Republic addressed to him and containing cocaine.  After obtaining a search warrant, agents installed tracking and entry detection devices on the package.  They tracked the package to Lora's residence, where Lora's sister Dioris Lora and his co-defendant Luis Santos met Lora to open it.  When the entry detection device was triggered, agents searched Lora's home and found him and Santos with the package, firearms, and additional drug paraphernalia.  Phone data later revealed that Lora arranged for Santos to send him the package.

Lora was charged with four drug and firearm offenses.  Shortly before trial, Lora pleaded guilty to possession with intent to distribute 500 grams and more of cocaine.  He did not object to the Court's plea colloquy at the time of the plea and confirmed to the Court that he was not coerced into pleading guilty.  Nevertheless, following his plea, Lora obtained permission to proceed pro se and filed numerous motions claiming innocence and seeking to withdraw his guilty plea, to be released from custody, and to

2

have all charges against him dismissed.  He later withdrew all of his pro se motions and cooperated with law enforcement.  As a result, the District Court waived the five-year mandatory minimum for his offense under U.S.S.G. § 5C1.2 and granted a downward adjustment for acceptance of responsibility.  The Court sentenced Lora to 24 months' imprisonment and two years' supervised release, below the Guidelines range.  He has since been released from custody.  Lora now requests that his conviction be vacated because (1) his guilty plea was not knowing, intelligent, and voluntary; and (2) his conviction violates the Constitution.[1]

### III.

When a defendant does not object to his plea colloquy at the time of the plea, we review the plea's voluntariness for plain error.[2]  Under the plain error standard, the defendant has the burden to show:  (1) there is an error, (2) it is clear and obvious, and (3) it affects his substantial rights.[3]  Even if all three factors are established, we will not exercise our discretion to correct the error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[4]

### IV.

Lora claims that his guilty plea was not knowingly, intelligently, or voluntarily entered because, during the plea colloquy, he initially told the District Court that he did

---

[1] We may review Lora's appeal despite the fact that he has served his custodial sentence because he must still serve a term of supervised release.  *See United States v. Wright*, 642 F.3d 148, 155 n.7 (3d Cir.  2011).
[2] *Johnson v. United States*, 520 U.S. 461, 466–67 (1997).
[3] *United States v. Olano*, 507 U.S. 725, 732 (1993).
[4] *Johnson*, 520 U.S. at 462.

not knowingly accept a package containing cocaine. The record shows that his plea was not coerced.[5] When Lora stated that he did not accept the package with knowledge of its contents, the Court refused to accept his plea. Lora then conferred with his counsel, and at counsel's request the Court re-addressed the question of intent. The Court explicitly noted that Lora's "plea ha[d] to be voluntary, meaning, that you're not going to walk out of here thinking, I was coerced into pleading guilty";[6] that he could not accept Lora's plea if he did not admit guilt; and that in order to plead guilty Lora must state that he "knowingly entered into an agreement with Mr. Santos, specifically, and [] knowingly intended to receive the package, [] knew it was cocaine, and the idea was to distribute it."[7] The Court asked Lora to confirm no less than five times that he possessed the requisite intent for the crime charged, and Lora answered affirmatively each time. And, at sentencing, Lora submitted a letter confirming that he "ha[s] dismissed all motions on the docket in good faith" and "wishes to accept responsibility for [his] actions."[8] Lora's statement, in combination with the Court's extensive plea colloquy, was more than

---

[5] The government argues that Lora waived his ability to challenge his guilty plea by pleading guilty, then abandoning his motion to withdraw his guilty plea. While a defendant's guilty plea waives non-jurisdictional defenses or defects occurring *prior to the entry of the plea*, *see Washington v. Sobina*, 475 F.3d 162, 166 n.5 (3d Cir. 2007) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)) (emphasis added), it does not waive challenges to the voluntariness of the plea itself. Entering a guilty plea cannot alone be sufficient to forfeit all challenges to that same plea.
[6] Supp. Appx. 146.
[7] *Id*.
[8] Supp. Appx. 189–90.

sufficient to ensure that Lora understood the nature of the charge against him[9] and the consequences of pleading guilty.[10]  So, there is no infirmity with Lora's plea.

Lora also seeks to suppress the evidence and admissions obtained during the search of his residence, claiming various Fourth Amendment and chain-of-custody issues. He also claims that his interview with law enforcement officers violated his rights under *Miranda v. Arizona*,[11] because officers questioned him in a custodial setting without reading him his rights and without honoring his invocation of his right to counsel.  None of his claims are properly before this Court because Lora waived all non-jurisdictional defenses by knowingly, voluntarily, and intelligently pleading guilty.[12]  While the waiver may be overcome by good cause,[13] Lora has shown no good cause for reconsideration here.[14]

## V.

The judgment of the District Court will be affirmed.

---

[9] *See Bradshaw v. Stumpf*, 545 U.S. 175, 182 (2005).

[10] *See Jamison v. Klem*, 544 F.3d 266, 272 (3d Cir. 2008) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[11] 384 U.S. 436 (1966).

[12] *See Sobina,* 475 F.3d at 165.

[13] *See United States v. Rose,* 538 F.3d 175, 182 (3d Cir. 2008).

[14] The District Court considered Lora's suppression claims and found they were unaccompanied by factual or legal support.  Lora has not identified any facts or authorities calling the Court's finding into doubt.  The Court also considered Lora's claim that his interview violated *Miranda* and found that the interview was not custodial.  Lora now claims for the first time—again, without factual support—that he invoked his right to counsel during the interview and that he was handcuffed for the interview's duration. Because he did not show good cause for failing to raise these arguments before the District Court, he has waived them.  *See Rose*, 538 F.3d at 182.