**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1914
_____

IN RE: WILLIAM F. KAETZ,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Crim. No. 21-cr-00071-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 21, 2021
Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

    William Kaetz has filed a petition for a writ of mandamus.  For the reasons that

follow, we will deny the petition.

                                                    I.

    In January 2021, Kaetz was indicted in the United States District Court for the

District of New Jersey for threatening to assault and murder a federal judge, transmitting

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

interstate communications containing threats to injure, making restricted personal information publicly available, and being a felon in possession of a firearm and ammunition.

While his charges were pending, Kaetz filed a mandamus petition in May 2021 in which he challenged the delays in criminal trials due to the COVID-19 pandemic.[1] As relief, he requested that (1) "blanket continuances" in criminal trials be voided; (2) his case be dismissed with prejudice under the Speedy Trial Act; (3) a judgment be entered in his favor and his rights to legal access, family visits, and medical care be restored; (4) the United States and Department of Justice be enjoined from violating other prisoners' rights to speedy trials; (5) sanctions be imposed for any violations of that injunctive relief; and (6) he be given sentence credit for 4 days for every day served since March 15, 2020. He requested relief under 28 U.S.C. §§ 1361 & 1651. Pet. at 37-40.

After filing his mandamus petition, Kaetz pleaded guilty to one count of making restricted personal information publicly available with the intent to threaten or intimidate in violation of 18 U.S.C. § 119(a)(1) & (2), and was sentenced to 16 months in prison. As part of his plea agreement, he waived his right to appeal or collaterally challenge his conviction or sentence. In October 2021, Kaetz filed a motion seeking to amend the mandamus petition to withdraw any requests for relief that would conflict with his plea

---

constitute binding precedent.
[1] While the petition was docketed in May 2021, Kaetz did not comply with the fee and service requirements until October 8, 2021.

2

agreement. He stated that "[a]ll relief that attacks charges, habeas relief, I hereby remove from the relief sought to comply with my plea agreement." Mot. to Amend at 1. He did not specify which requests for relief he wished to withdraw and which relief he was still seeking.

## II.

Pursuant to 28 U.S.C. § 1651(a), we may issue writs "necessary or appropriate in aid of [our] respective jurisdiction[] and agreeable to the usages and principles of law." [2] The writ of mandamus will issue only in extraordinary circumstances. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Kaetz must show that he lacks adequate alternative means to obtain the relief he seeks, and he carries the burden of showing that his right to relief is clear and undisputable. See Mallard v. U.S. Dist. Court for S. Dist. of Ia., 490 U.S. 296, 309 (1989).

Because Kaetz, as a layperson, cannot represent the interests of third parties, we will consider his request for mandamus relief as filed only on his behalf. See Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 536 n.1 (2007) (noting "general common law rule that nonattorneys cannot litigate the interests of another."); Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that non-attorney may not represent other parties). Thus, we will not address Kaetz's requests that

---

[2] As noted above, Kaetz also requested relief pursuant to 28 U.S.C. § 1361. That statute provides that the district courts shall have original jurisdiction over mandamus actions

3

we enjoin the United States and the Department of Justice from violating other prisoners' rights or void continuances in criminal cases.

His requests that we dismiss his case with prejudice under the Speedy Trial Act and grant him 4 days of credit on his sentence for every day in custody appear to conflict with his agreement to not challenge his conviction or sentence. Per his motion to amend his petition and in an abundance of caution, we treat those requests as withdrawn. In any event, Kaetz has not shown a clear and indisputable right to such relief. See Washington v. Sobina, 475 F.3d 162, 166 and n. 5 (3d Cir. 2007) (per curiam) (holding that defendant waived speedy trial claim by pleading guilty). Kaetz has alternative means of obtaining the remaining relief he seeks, namely exhausting his administrative remedies and then, if appropriate, filing a civil rights action. Moreover, Kaetz has not shown a clear and indisputable right to such relief.

For the above reasons, we grant Kaetz's motion to amend his mandamus petition and deny the petition as amended.

---

that seek to compel an employee of the United States to perform a duty. Thus, we do not have jurisdiction to issue relief based on that statute.