NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1304
_____

UNITED STATES OF AMERICA

v.

PEDRO SANCHEZ-LAPORTE,
a/k/a Javi,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:19-cr-00152-009)
U.S. District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 30, 2025
_____

Before: SHWARTZ, FREEMAN, and SMITH, Circuit Judges.

(Filed: July 2, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Pedro Sanchez-LaPorte appeals his conviction and sentence on drug and murder charges. Because Sanchez-LaPorte waived his right to appeal and no manifest injustice will result from enforcing the waiver, we will grant his counsel's motion to withdraw pursuant to Anders v. California, 368 U.S. 738 (1967), and affirm.

I

Sanchez-LaPorte belonged to a drug trafficking group and aided in the murders of rival drug dealers. He was charged with (1) conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; (2) discharge of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); and (3) murder in the course of drug trafficking in violation of 18 U.S.C. § 924(j)(1). Sanchez-LaPorte pleaded guilty to these charges pursuant to a plea agreement. As part of the agreement, Sanchez-LaPorte waived his right to appeal his conviction and sentence unless (1) the Government appealed, (2) his sentence exceeded the statutory maximum, (3) the sentencing court upwardly departed or varied from the Guidelines range, or (4) he claimed ineffective assistance of counsel.

At sentencing, the District Court determined that Sanchez-LaPorte's total offense level was forty and his criminal history category was V, resulting in a Guidelines range of 360 months' to life imprisonment.[1] The Court granted the Government's motion for a

---

[1] The charge for discharge of a firearm in furtherance of drug trafficking merged with the charge for murder in the course of drug trafficking for sentencing purposes, so Sanchez-LaPorte was sentenced only in connection with his murder and conspiracy convictions.

downward departure and sentenced him to 198 months' imprisonment followed by five years' supervised release. In imposing this sentence, the Court considered the factors set forth in 18 U.S.C. § 3553(a) and concluded that the sentence imposed reflected the nature and circumstances of the offenses, as well as Sanchez-LaPorte's background, criminal history, role in the crimes, and other factors.

Sanchez-LaPorte appeals, and his counsel moves to withdraw under Anders.[2]

## II[3]

Our local rules allow a criminal defendant's appellate counsel to file a motion to withdraw and an accompanying brief under Anders when counsel concludes, upon review of the record, that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[4] United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001); see United States v. Brookins, 132 F.4th 659, 666 (3d Cir. 2025).

## A

---

[2] Sanchez-LaPorte has not submitted pro se briefing in support of his appeal despite having had the opportunity to do so pursuant to 3d Cir. L.A.R. 109.2(a).

[3] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. In conducting an Anders analysis, we exercise plenary review to determine whether there are any nonfrivolous issues for appeal. United States v. Brookins, 132 F.4th 659, 666 (3d Cir. 2025).

[4] An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988); see also Brookins, 132 F.4th at 665 (explaining that "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous").

To determine whether counsel has fulfilled her <u>Anders</u> obligations, we examine her brief to see if it (1) shows that counsel thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, <u>see</u> <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000), and (2) explains why the identified issues are frivolous, <u>see</u> <u>Brookins</u>, 132 F.4th at 665-66.  Sanchez-LaPorte's counsel has fulfilled these obligations.

Typically, Sanchez-LaPorte's guilty plea would limit the appealable issues to (1) the District Court's jurisdiction; (2) the voluntariness of his plea; and (3) the reasonableness of his sentence, <u>see</u> 18 U.S.C. § 3742; <u>Menna v. New York</u>, 423 U.S. 61, 62 (1975) (per curiam); <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989); <u>Washington v. Sobina</u>, 475 F.3d 162, 165 (3d Cir. 2007) (per curiam), but here, Sanchez-LaPorte signed an appellate waiver, which further limits the appealable issues.  Despite his waiver, Sanchez-LaPorte's counsel still explained why jurisdiction existed and why any challenge to the plea or sentence would be frivolous.  Counsel has thus fulfilled her <u>Anders</u> obligations.  <u>See</u> <u>Youla</u>, 241 F.3d at 300.

B

Our independent review of the record accords with counsel's assessment. Sanchez-LaPorte entered a plea agreement containing an appellate waiver, which, if applicable, would bar this appeal.[5]  "We will enforce an appellate waiver where we

---

[5] "We review the validity and scope of an appellate waiver de novo." <u>United States v. Grimes</u>, 739 F.3d 125, 129 (3d Cir. 2014).  An appellate waiver "does not deprive us of subject matter jurisdiction, but, when the waiver is valid, we will not

4

conclude that: (1) the issues a defendant pursues on appeal fall within the scope of the waiver; (2) the defendant knowingly and voluntarily agreed to the waiver; and (3) enforcing the waiver would not work a miscarriage of justice." United States v. Langley, 52 F.4th 564, 575 (3d Cir. 2022).

To determine the scope of an appellate waiver, we examine the language of the plea agreement and strictly construe it. United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008). Sanchez-LaPorte's appellate waiver provides that, in exchange for the Government's promises set forth in the plea agreement, he waives his right to appeal or collaterally attack his sentence or conviction unless: (1) the Government appeals the sentence; (2) his sentence exceeds the statutory maximum; (3) the sentencing court upwardly departed or varied; or (4) his challenge is based on ineffective assistance of counsel.

None of these circumstances are present. First, the Government has not appealed. Second, Sanchez-LaPorte's sentence is below the applicable statutory maximums. See 21 U.S.C. §§ 841(a)-(b), 846 (providing a forty-year maximum prison term); 18 U.S.C. § 924(j)(1) (providing a maximum term of life in prison or death). Third, the sentence imposed did not include an upward variance or departure; rather, the Court imposed a below-Guidelines sentence. Finally, Sanchez-LaPorte has not alleged his counsel was

---

exercise that jurisdiction to review the merits of the defendant's appeal," and will "[t]ypically . . . affirm the judgment of the district court," rather than "dismiss[] the appeal." United States v. James, 928 F.3d 247, 252 (3d Cir. 2019) (internal quotation marks omitted).

ineffective and instead said during the plea hearing that he was satisfied with his counsel's representation.

Next, the record shows that Sanchez-LaPorte knowingly and voluntarily agreed to the appellate waiver. At the plea hearing, Sanchez-LaPorte affirmed that he (1) understood he was "limiting [his] appeal rights in a very significant way," App. 206, (2) understood each of the "limited circumstances under which [he] could appeal," (3) had discussed the appellate waiver with his counsel, and (4) was "clear" on his limited appellate rights under the waiver, App. 206-07. Sanchez-LaPorte also affirmed his understanding of the appellate waiver in writing by signing the plea agreement and "Acknowledgement of Rights" form, both of which he affirmed he reviewed with his counsel. Thus, Sanchez-LaPorte knowingly and voluntarily waived his appellate rights.

Finally, enforcing the appellate waiver would not work a miscarriage of justice. "To determine whether enforcing a waiver works a miscarriage of justice, we consider [t]he clarity of the error, its gravity, [and] its character," and will not enforce the waiver in only "unusual circumstance[s]" to prevent "manifest injustice." United States v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (citations and quotation marks omitted). Here, there is no error. The District Court had jurisdiction, Sanchez-LaPorte entered a knowing and voluntary plea consistent with the Constitution and Federal Rule of Criminal Procedure 11, and his sentence, which reflected consideration of the § 3553(a) factors, was below the statutory maximum for his offenses, and the applicable Guidelines range. Accordingly, we cannot say that enforcing the appellate waiver would work a miscarriage of justice, and so we will enforce it.

6

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.