NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3467
_____

UNITED STATES OF AMERICA

v.

XIAO XIA ZHAO,
a/k/a Kelly,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Action No. 2:18-cr-00311-001)
District Judge: Honorable Jose L. Linares
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 25, 2019
_____

Before: SMITH, *Chief Judge*, CHAGARES, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed:  July 17, 2019)

_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Xiao Xia Zhao appeals her judgment of conviction. Her counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no nonfrivolous issues exist for appeal and seeking to withdraw as counsel. For the reasons set forth below, we will grant counsel's motion to withdraw and affirm the judgment of conviction.

## I. Background

On May 23, 2018, Zhao pled guilty to a one count information charging her with trafficking in counterfeit goods from November 2013 to February 2017. Zhao's role in the trafficking scheme was minor, consisting only of receiving Importer Security Filing (ISF) numbers from one individual and then providing those ISF numbers to another individual. By providing that information, she assisted in ensuring the contents of the containers identified by the ISF numbers bypassed inspection by customs authorities. In the plea agreement, Zhao and the government agreed that the value of the counterfeit goods was more than $250,000 but less than $550,000. Zhao's plea agreement included a limited appellate waiver: if the court agreed to this factual stipulation, both she and the government agreed to not appeal or collaterally attack the court's decision. Otherwise, both parties reserved their appeal rights.

At the sentencing hearing, the District Court calculated Zhao's total offense level under the Sentencing Guidelines to be 19, with a criminal history category of I. That offense level produced an advisory sentencing range of 30 to 37 months of imprisonment.

After hearing arguments from both defense counsel and the government with respect to the factors set forth in 18 U.S.C. § 3553(a), the District Court varied downward from the advisory sentencing range, and imposed a sentence of 18 months of incarceration, followed by three years of supervised release. Zhao filed a timely notice of appeal.

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III. Standard of Review

"In [*Anders v. California*], the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). The attorney must always "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.*

To withdraw, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Marvin*, 211 F.3d at 780 (citation omitted). Hence, this Court's inquiry when considering a lawyer's *Anders* brief is two-fold; we must determine: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether

3

an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted). In accordance with 3d Cir. L.A.R. 109.2, if an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* (quoting 3d Cir. L.A.R. 109.2(a) (internal quotation marks omitted)).

If counsel fails to thoroughly address any possible issues on appeal, we are not always required to appoint new counsel. "'[I]n those cases in which frivolousness is patent,' we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (quoting *Marvin*, 211 F.3d at 781).

## IV. Analysis

As we have previously stated, "[i]t is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (citations omitted). Here, the District Court clearly had jurisdiction pursuant to 18 U.S.C. § 3231. No appealable issue exists with respect to jurisdiction.

A criminal defendant's guilty plea is considered valid if entered "knowing[ly], voluntar[ily] and intelligent[ly]." *United States v. Tidwell*, 521 F.3d 236, 251 (3d Cir. 2008). To ensure that a plea is knowing and voluntary, the district "court must address the defendant personally in open court," Fed. R. Crim. P. 11(b)(2), advise defendant of the consequences of his or her plea, and ensure that defendant understands them. *United*

4

*States v. Schweitzer*, 454 F.3d 197, 202–03 (3d Cir. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238 (1969) and Fed. R. Crim. P. 11(b)).

To challenge the validity of her guilty plea, Zhao would have had to demonstrate that the requirements of Rule 11 of the Federal Rules of Criminal Procedure and the constitutional requirements of *Boykin* had not been satisfied. Counsel found no basis for the argument that Zhao's plea was unknowing, involuntary, or unintelligent. Our review of the guilty plea colloquy reveals that the District Court followed all the requirements of Federal Rule of Criminal Procedure 11. The District Court ensured that Zhao was competent to enter her plea, understood the rights she was giving up, and was entering the plea voluntarily. Further, the District Court verified the factual basis for the plea. We therefore agree with counsel's conclusion that the record shows Zhao's plea was knowingly and voluntarily made.

With respect to the sentence, "[o]ur appellate review proceeds in two stages." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We begin by:

> ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007). "If a district court's procedure passes muster, 'we then, at stage two, consider its substantive reasonableness.'" *Tomko*, 562 F.3d at 567 (quoting *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008)).

5

That is, "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

Here, the District Court followed the correct procedure, by first calculating the Guidelines range, then listening to counsels' arguments, and finally considering the § 3553(a) factors. In fact, after hearing defense counsel's arguments in favor of a downward variance, the government noted that it "would not object to a slight variance in this case." App. 95. After reviewing the record here, we conclude that the sentence was substantively reasonable.

## V. Conclusion

Because we agree with counsel that no nonfrivolous issues exist for appeal, we will grant the motion to withdraw and affirm the judgment of conviction of the District Court. Pursuant to 3d Cir. L.A.R. 109.2(b), counsel is also relieved of the obligation to file a writ of certiorari in the Supreme Court.