NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2781

_____

UNITED STATES OF AMERICA

v.

WAYNE A. FAHIE,
                    Appellant

_____

APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS
(D.C. Criminal No. 3-17-cr-00037-002)
District Judge: Honorable Curtis V. Gomez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 18, 2020

_____

Before: GREENAWAY, JR., PHIPPS, and FUENTES, *Circuit Judges*.

(Opinion Filed:  May 28, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Wayne A. Fahie's counsel ("Counsel") moves for permission to withdraw from representing Fahie on appeal, pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel asserts that Fahie's appeal raises no nonfrivolous issues. Fahie pled guilty to two counts in a criminal information in the District Court for the Virgin Islands: one count of conspiracy to possess with intent to distribute cocaine, pursuant to 21 U.S.C. § 846, and one count of possession with intent to distribute cocaine, pursuant to 21 U.S.C. 841(a)(1). Fahie was sentenced to sixty months' imprisonment, a $200 special assessment, 400 hours of community service, and a four-year term of supervised release. He filed a timely appeal. For the reasons addressed below, we will grant Counsel's motion and affirm the judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The charges stemmed from Fahie's involvement in a drug smuggling scheme with Roy E. Hodge, III, his co-defendant. On July 30, 2017, United States Customs and Border Protection agents observed Hodge and Fahie, a Cape Air employee, repeatedly entering and exiting a men's bathroom at the airport in St. Thomas. Becoming suspicious, the agents detained and questioned Hodge. Upon confronting him, he shared his cell phone with the agents. A search of the cell phone revealed a series of text messages between Hodge and Fahie, while a search of Hodge's suitcase revealed four brick-shaped objects that tested positive for cocaine.

Following the discovery of cocaine in Hodge's suitcase, the agents took Fahie into custody. A K-9 narcotics dog alerted to the presence of narcotics on Fahie's person. The

2

agents inspected Fahie's passport and cell phone to confirm his contact with Hodge. After the agents confirmed that Fahie was in contact with Hodge, both men were arrested and charged with conspiracy to possess with intent to distribute four kilograms or more of cocaine and possessing with intent to distribute cocaine.

On February 1, 2018, Fahie entered a straight plea[1] in the District Court for the Virgin Islands to the conspiracy and possession counts. At the change of plea hearing, Fahie admitted to the factual predicates for the crime. The District Court accepted Fahie's guilty plea.

On July 11, 2018, Fahie received a sentence of sixty months' imprisonment (the mandatory minimum term of imprisonment), followed by a four-year term of supervised release. The District Court determined that the safety valve provision found in in 18 U.S.C. § 3553(f) was unavailable to Fahie. The District Court also imposed 400 hours of community service and a $200 special assessment on Fahie.

On August 9, 2018, Fahie filed a timely notice of appeal. On July 29, 2019, Counsel moved to withdraw pursuant to the standards set forth in *Anders v. California*. Fahie has not filed a brief.

## II.    JURISDICTION

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

---

[1] A straight plea is a plea entered without the benefit of a plea agreement.

3

### III.    STANDARD OF REVIEW

Appellate counsel must "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. However, if an attorney representing an indigent criminal defendant finds that an appeal would be wholly frivolous, *Anders* delineates the process in which an attorney may request to withdraw from continued representation. *Id*. Pursuant to *Anders*, counsel requesting to withdraw must satisfactorily show the court that they have "scoured the record [for] appealable issues" and "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). The court then engages in a two-part inquiry: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements;[2] and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted). If an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id*. (quoting 3d Cir. L.A.R. 109.2(a)). On the other hand, "[i]f the panel finds arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar." L.A.R.109.2(a).

---

[2] Third Circuit Local Appellate Rule 109.2(a) provides in relevant part that: "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States[.]"

## IV.   ANALYSIS

We are satisfied that the brief submitted by Counsel contains a "conscientious examination of the record" for issues of arguable merit and Counsel has therefore fulfilled the requirements set forth in *Anders*.  As we have previously stated, "[i]t is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (citations omitted).  Here, the District Court clearly had jurisdiction pursuant to 18 U.S.C. § 3231.  No appealable issue exists with respect to jurisdiction.

As Counsel noted, there is also no appealable issue as to the validity of the plea. Based on the record before us, we are satisfied that the district court complied with the constitutional requirements and Federal Rule of Criminal Procedure 11.  A criminal defendant's guilty plea is considered valid if entered into "knowing[ly], voluntar[ily], and intelligent[ly]." *United States v. Tidwell*, 521 F.3d 236, 251 (3d Cir. 2008) (citation omitted).  To ensure the validity of a plea, the district "court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1).  The district court must inform and ensure the defendant understands his rights, the nature of the charges, and the direct implications of entering a plea.  *United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969) and Fed. R. Crim. P. 11(b)).

To challenge the validity of his guilty plea, Fahie has the burden of showing that the requirements of Federal Rule of Criminal Procedure 11 and the constitutional requirements enumerated in *Boykin* have not been satisfied.  Counsel found no basis to

5

support an argument that Fahie's plea was unknowing, involuntary, or unintelligent. Our review of the plea hearing transcript reveals that the District Court followed all of the requirements of Federal Rule of Criminal Procedure 11. At the change of plea hearing, Fahie informed the District Court that he had enough time to discuss with his counsel the charges against him, the potential maximum and minimum penalties, the applicable Sentencing Guidelines, and the consequences of entering a straight plea to the Second Amended Information. Fahie stated he was satisfied with the representation of his counsel. He indicated he understood his constitutional rights, which he waived. He also stated he was entering the plea voluntarily and that he had not been coerced or threatened to do so. Further, Fahie admitted to the factual basis for the plea. We therefore agree with Counsel's conclusion that the record shows that Fahie's plea was knowingly and voluntarily made.

With respect to sentencing, a reviewing court must determine whether the sentence was both procedurally and substantively reasonable. *United States v. Tomko*, 562 F.3d 558, 566-67 (3d Cir. 2009) (en banc). We review both procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). Since the sentence imposed by the district court was both procedurally and substantively reasonable, such review is not a basis for appeal.

An appellate court first reviews a district court's sentence for "no significant procedural error." *Gall v. United States*, 552 U.S. 38, 50-51 (2007); *see also United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). When imposing a sentence, a district court must correctly calculate the applicable Guidelines range, entertain any variances or

6

departures, and consider all the factors set forth in 18 U.S.C. § 3553(a). *United States v. Levinson*, 543 F.3d 190, 194-95 (3d Cir. 2008).

In this case, the District Court correctly calculated the Guidelines range. Fahie's base offense level pursuant to U.S.S.G. § 2D1.1 was 28. The offense level was adjusted to 25, based on a three-point reduction for acceptance of responsibility, resulting in a sentencing range of 57 to 71 months' imprisonment. Fahie faced a mandatory minimum term of imprisonment of sixty months, pursuant to 21 U.S.C. § 841(b)(1)(B).

However, if Fahie satisfied the criteria set forth in 18 U.S.C. § 3553(f), commonly referred to as the safety valve provision, the mandatory minimum sentence would not apply. The record shows that the District Court determined that the mitigating effect of the safety valve provision was inapplicable to Fahie. Fahie entered a straight plea and provided no assistance to the government. At the sentencing hearing, Fahie's counsel agreed that the safety valve provision was inapplicable to Fahie. No variances were sought, no departure motions were made, and the District Court considered each of the § 3553(a) factors. Since the District Court followed the three-step procedure, no procedural error existed.

If a sentence is found to be procedurally reasonable, a court will next look to its substance. *Tomko*, 562 F.3d at 567. A sentence will be deemed substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on [the defendant] for the reasons the district court provided." *Id*. at 568. Here, after going through the correct procedural steps, the District Court imposed a sixty-month term of imprisonment, the lowest sentence possible due to the mandatory minimum. Viewing the

record as a whole, we find the sentence substantively reasonable. Since the sentence was both procedurally and substantively reasonable, any challenge to it would be meritless.

## V. CONCLUSION

After reviewing the record, we agree with Counsel that that there are no nonfrivolous issues for appeal. Accordingly, we will grant Counsel's motion to withdraw and affirm the District Court's judgment of conviction. Pursuant to 3d Cir. L.A.R. 109.2(b), Counsel is also relieved of the obligation to file a petition of certiorari in the Supreme Court of the United States.