NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3251
_____

UNITED STATES OF AMERICA

v.

KEVIN CHARLES BROWN,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-18-cr-00064-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2021
_____

Before: SMITH, *Chief Judge*, PHIPPS and ROTH, *Circuit Judges*.

(Filed: June 3, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Kevin Charles Brown appeals his conviction and 240-month sentence for conspiracy to distribute and possess with intent to distribute heroin, cocaine base (crack), and fentanyl. In District Court, Brown was represented by court-appointed counsel, and on appeal that counsel has moved to withdraw from representing him. As explained in counsel's *Anders* brief, counsel believes that Brown cannot present any non-frivolous issue on appeal. *See Anders v. California*, 386 U.S. 738 (1967); 3d Cir. L.A.R. 109.2(a). In response, the Government has filed a brief in support of counsel's *Anders* motion, and Brown has filed a *pro se* brief in support of his appeal.

Upon consideration of the *Anders* brief, the Government's response, and the *pro se* brief, as well as our independent review, we will grant counsel's motion to withdraw, and we will affirm the judgment of the District Court.

I.

In April 2016, federal and state agents began investigating Brown on suspicion of drug trafficking. Over the next few months, Brown and his co-conspirators made several drug sales to confidential informants. A federal grand jury indicted Brown on nine criminal counts, eight related to drugs plus one related to firearms.

Following that indictment, at the initial appearance, the District Court appointed counsel for Brown. About six months later, at Brown's request, his initial counsel filed a motion to withdraw, which the District Court granted.

The District Court then appointed Brown's current attorney. A few months later, at Brown's request, counsel moved to withdraw from representing Brown. The District Court held a hearing on that motion, and, after finding that counsel was competent, presented Brown with the option of either proceeding with his current court-appointed counsel or representing himself. After Brown refused to answer, the District Court scheduled a trial date, instructed counsel that he would continue to represent Brown, and denied the motion to withdraw.

Court-appointed counsel then represented Brown at his guilty plea and at sentencing. Brown pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, more than 280 grams of cocaine base, and fentanyl, in violation of 21 U.S.C. § 846. In anticipation of sentencing, the Probation Office prepared a Presentence Investigation Report (PSR) with a Guidelines sentencing range of 360 months' to life imprisonment. The PSR reached that result based on a total offense level of 37 (a sum that did not include a reduction for acceptance of responsibility) and a criminal history category of VI. The PSR did not identify any factors warranting either a departure or a variance under 18 U.S.C. § 3553(a).

At the sentencing hearing, Brown's counsel achieved a markedly better outcome for Brown. Counsel first objected to the Guidelines calculation, arguing that Brown was entitled to a reduction for acceptance of responsibility. The Government did not oppose that objection, and the District Court reduced Brown's total offense level by three to 34,

yielding a Guidelines range of 262 to 327 months.  Counsel also requested a variance

based on Brown's difficult childhood and family life, and the District Court varied

downward from the Guidelines range by imposing a sentence of 240 months'

incarceration.

After that final judgment, at Brown's request, counsel filed a notice of appeal,

invoking the appellate jurisdiction of this Court.  *See* 18 U.S.C. § 3742(a); *see also*

28 U.S.C. § 1291.  Counsel then moved for leave to withdraw under *Anders* because after

careful review of the case, he found no non-frivolous appellate issues.  In its response

brief, the Government agreed that there are no non-frivolous appellate issues.

Meanwhile, Brown filed his own *pro se* brief, raising various issues on appeal.

## II.

Under *Anders*, court-appointed counsel may not withdraw from representing a

defendant on appeal without approval from the court.  *See, e.g.*, *Smith v. Robbins*,

528 U.S. 259, 264 (2000); *McCoy v. Ct. of Appeals*, 486 U.S. 429, 430 (1988); *see also*

3d Cir. L.A.R. 109.2(a).  To obtain such a court order, counsel must first "satisfy the

court that he or she has thoroughly scoured the record in search of appealable issues,"

*United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000), and second persuade the court

that any appellate issue would be "so frivolous that it may be decided without an

adversary presentation," *Penson v. Ohio*, 488 U.S. 75, 82 (1988).  If after reviewing

counsel's motion, the Government's response, and any *pro se* filings, along with its own

independent review of the record, the court determines that those two criteria are met,

4

then the court "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." 3d Cir. L.A.R. 109.2(a); *see also United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001).

### III.

In his *Anders* brief, Brown's counsel identifies four potential appellate issues. They relate to (i) the court's jurisdiction; (ii) the denial of Brown's request for a third court-appointed attorney; (iii) the validity or voluntariness of Brown's guilty plea; and (iv) the constitutionality of Brown's below-Guidelines sentence. In its response, the Government concurs with counsel's assessment of the scope of potential appellate issues.

In his *pro se* brief, Brown raises six issues for appeal. Four of those directly challenge his conviction and sentence. He argues that the proof of drug quantities was inadequate, that the calculation of the drug quantities was improper, that he was wrongfully charged for separate conspiracies, and that false statements were included as evidence. His final two contentions attack the effectiveness of counsel. In those, he contends that counsel failed to investigate the detective and to identify and investigate key witnesses.

On independent review, counsel's *Anders* brief demonstrates a thorough examination of the record, and it guides this Court's assessment of the record. *See Youla*, 241 F.3d at 301. Thus, counsel demonstrated the requisite diligence, and for the reasons below, this appeal contains no non-frivolous issues.

5

First, there is no jurisdictional defect.  Because Brown was charged with several federal criminal offenses that occurred within the Middle District of Pennsylvania, the District Court had jurisdiction under 18 U.S.C. § 3231.

Second, the District Court did not err in its response to Brown's second request for new counsel.  Brown had no right to court-appointed counsel of his choosing.  *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).  And here, the District Court found Brown's second counsel to be competent.  Nor did Brown elect to represent himself when given the opportunity to do so.  *See Faretta v. California*, 422 U.S. 806, 821 (1975).

Third, there is no infirmity with Brown's guilty plea.  The District Court properly ensured that Brown's plea was knowing, intelligent, and voluntary.  *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *Boykin v. Alabama*, 395 U.S. 238, 240–42 (1969); *see also* Fed. R. Crim. P. 11(b).

Fourth, Brown has no non-frivolous basis for challenging his below-Guidelines sentence.  The District Court followed the three-step protocol outlined in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and imposed a reasonable sentence below the calculated Guidelines range after accounting for the factors listed in 18 U.S.C. § 3553(a), *see United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Finally, the challenges in Brown's *pro se* brief do not rise above the threshold of frivolousness.  By entering a knowing, intelligent, and voluntary guilty plea without reserving the right to challenge any specific issue, *see* Fed. R. Crim. P. 11(a)(2), Brown

waived all non-jurisdictional issues.  *See Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007).  Because four of his six claims are non-jurisdictional, they have been waived. The remaining two arguments attack the effectiveness of counsel – despite Brown's signed plea agreement in which he expressed satisfaction with the assistance of his counsel.  But as a general matter, direct appeal does not allow meaningful review of collateral attacks.  *See United States v. Washington*, 869 F.3d 193, 203 (3d Cir. 2017) (explaining that other than in an "uncommon case," evaluation of counsel's performance from the court record is not "both feasible and efficient"); *United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004) ("It is well settled in this court that Sixth Amendment ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984) are generally not entertained on a direct appeal." (citations omitted)).

* * *

For these reasons, we will grant counsel's *Anders* motion to withdraw and affirm the judgment of the District Court.